UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PIERRE FATTOUCH

MOUSSA FATTOUCH

UNITED LEBANESE QUARRIES AND
CRUSHERS COMPANY S.A.L.

     *Plaintiffs*

     *v.*

THE REPUBLIC OF LEBANON,
Its Ministries, Agencies, and Instrumentalities
c/o Ministry of Justice

HER EXCELLENCY MARIE-CLAUD NAJIM
Minister of Justice

     *Defendant State.*

Case No. _____

## COMPLAINT

MESSRS. PIERRE and MOUSSA FATTOUCH, and UNITED LEBANESE QUARRIES AND CRUSHERS COMPANY S.A.L. (ULQACC S.A.L.), (Plaintiffs), represented by the law firm Poblete Tamargo LLP, file this COMPLAINT against the Republic of Lebanon (the Defendant State), and upon personal knowledge as to its own acts and information and belief, acts:

## NATURE OF THE CASE

1.    Messrs. Pierre and Moussa Fattouch, and the United Lebanese Quarries & Crushers Company SAL bring this complaint under the District of Columbia's *Uniform Foreign-Country Money Judgments Recognition Act of 2011*, D.C. Code §15-361, §15.636 and, §15.364, *et. seq.*,

seeking recognition of four final, conclusive and enforceable foreign-country money judgments issued in their favor by the Lebanon State Consultative Council.[1]

## PARTIES

2.      Messrs. Pierre and Moussa Fattouch are Lebanese nationals and the United Lebanese Quarries & Crushers Company SAL owned by Messrs. Fattouch, a joint stock company incorporated under the laws of the Republic of Lebanon.

3.      The Defendant State, the Republic of Lebanon is a sovereign republic with its capital in Beirut, Lebanon, and actual presence in the United States, among others, at 2560 28th Street Northwest, Washington, D.C. 20008.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper under 28 U.S.C. § 1331.

5.      Jurisdiction is also proper under 28 U.S.C. 1391(f)(4), *et. seq.*, as a claim against the Defendant State.

6.      This Court has subject matter jurisdiction under the *Foreign Sovereign Immunities Act* ("FSIA"), specifically, 28 U.S.C. §§ 1605(a)(1), 1605 (a)(2) and/or 1605(a)(3). Pursuant to the FSIA, if the court has subject matter jurisdiction, it also has personal jurisdiction over the defendant foreign sovereign and its constituent ministries.

7.      Venue is proper in this federal district court under 28 U.S.C. § 1391(f)(4).

## BACKGROUND

8.      As detailed in the State Consultative Council decisions and records, part of which is appended in the Exhibits, the record shows Messrs. Pierre and Moussa Fattouch owned a quarry in Ain Dara, Mount Lebanon and United Lebanese Quarries & Crushers Company SAL owned a quarry in Hadath Baalback, Bekaa, Lebanon. Since at least 1994, and under permits issued by the

---

[1] The State Consultative Council operates as an appellate of Cassation level court.

- 2 -

Defendant State, Plaintiffs had invested considerable effort, money, time, and emotional capital in developing the quarry sites and, after a protracted dispute against the Defendant State, litigating the claims.

9.      On or about July 28, 1999, Defendant State interfered with the Plaintiffs' business, cancelled their valid Licenses, and later in time, ultimately ordered the closure of many quarries in Lebanon, including the Plaintiffs' quarries. Plaintiffs, thereafter, sued before the State Consultative Council.

10.     Because of the litigation, and in virtue of the rulings No. 395/2001, 347/2003, 236/2001, 416/2003, the State Consultative Council ordered the cancellation of the Defendant State's decision N$^{o}$ 31/99 that cancelled the Plaintiffs' licenses and thus the State Consultative Council authorized the Plaintiffs to re-start the quarries. Based on these State Consultative Council decisions, the Plaintiffs attempted to operate the quarries, however, the Defendant State, violating the State Consultative Council's rulings, interfered, once again, with quarry operations, prevented the Plaintiffs from resuming their business, and ultimately, under the Council of Minister's Decision N$^{o}$ 31/2003, ordered the Internal Security Forces[2] of Lebanon to physically destroy the Plaintiffs' quarry equipment.

11.     The Plaintiffs sued for compensation which resulted in the four final, conclusive and enforceable judgments issued by the State Consultative Council, two 2005 judgments and two 2017 judgments. These four final, conclusive and enforceable judgments are subject of this Complaint. *See* **Exhibits A, B, C and D**.

12.     State Consultative Council Judgment No. 11/2005 (Oct. 5, 2005) orders the Defendant State to pay Messrs. Pierre and Moussa Fattouch compensation for damages in the amount of USD $84,814,188, and to pay annual interest of 9% until the judgment was paid; and (2) State

---

[2]      The Interior Security Forces of Lebanon are the national police and security forces of the Defendant State. According to U.S. government records available at www.foreignassistance.gov, and other public sources, the Interior Security Forces of Lebanon is a recipient of U.S. taxpayer funded foreign assistance program funds. Additional sources of U.S. government funds also listed at https://explorer.usaid.gov/cd/LBN.

Consultative Council Judgment No. 15/2005 (Oct. 6, 2005), orders the Defendant State to pay United Lebanese Quarries & Crushers Company SAL compensation for damages and losses in the amount of USD $134,144,939, and to pay annual interest of 9% until the judgment was paid. The current sum of these two final, conclusive and enforceable judgments, plus interest is approximately $556,449,859. *See* **Exhibits A and B**.

13.     In the spirit of cooperation, the Plaintiffs sought to settle. Rather than settle with the Plaintiffs and pay them what they are lawfully owed, the Defendant State, for reasons unknown to the Plaintiffs, had repeatedly blocked compensation; repeatedly ignored or defied the rulings of the State Consultative Council; or otherwise engaged in a variety of schemes to derail settlement negotiations. Undeterred, and after protracted negotiations with the Defendant State, the Plaintiffs had to sue in 2017 before the State Consultative Council due to the Defendant State's failure to enforce the 2005 judgements.

14.     The State Consultative Council, once again, ruled for the Plaintiffs and issued two additional judgments: Judgment No. 470/2017 (April 10, 2017) for Messrs. Pierre and Moussa Fattouch, and Judgment No. 471/2017 (April 10, 2017) for United Lebanese Quarries & Crushers Company SAL. *See* **Exhibits C and D**.

15.     The 2017 State Consultative Council judgments reaffirmed Judgments 11/2005 and 15/2005 and added that the matter was *res judicata*. The 2005 judgments were final, conclusive and enforceable. The Defendant State was also ordered to pay 1% in additional damages until the judgments were paid.

16.     The final, conclusive and enforceable judgments that are the subject of this Complaint include:

        a. Judgment No. 11/2005 (Oct. 5, 2005);

        b. Judgment No. 15/2005 (Oct. 6, 2005);

        c. Judgment No. 470 (April 10, 2017);

        d. Judgment No. 471 (April 10, 2017).

17.     The Defendant State owes the Plaintiffs approximately $556,449,859 (U.S. Dollars).

18.     The time for any appeals of the Judgments has expired and remedies exhausted.

19.     The Judgments have not been satisfied.

### COUNT 1

#### *Action Seeking Recognition of Foreign-Country Money Judgment*

20.     Plaintiffs incorporate by reference the matters alleged in Paragraphs 1 through 19.

21.     A judgment issued by the court of a foreign nation may be recognized under the District of Columbia's *Uniform Foreign-Country Money Judgments Recognition Act of 2011*, D.C. Code §§ 15-361, et. seq.

22.     The Judgments satisfy the requisites for recognition under the District of Columbia's *Uniform Foreign-Country Money Judgments Recognition Act of 2011*, D.C. Code §§ 15-361, *et. seq*.

23.     A duly certified copy of the 2005 and 2017 final, conclusive and enforceable judgments are attached as **Exhibits A, B, C and D**.

### PRAYERS FOR RELIEF

**WHEREFORE** the Plaintiffs, respectfully request entry of an order and judgment:

a.  Confirming, recognizing, and enforcing the final judgments and the award $556,449,859 (U.S. Dollars) against the Defendant State.

b.  Awarding post-judgment interests and costs to be taxed on the amounts awarded until payment in full in U.S. Dollars.

c.  Ordering that the Defendant State pay the claims in U.S. Dollars to the Plaintiffs' bank account in the United States.

d.  Issuing of a Writ of Execution against any of the Defendant's assets and ordering

the seizure of Lebanese state's assets.

e.  Awarding Plaintiffs' fees and costs in pursuing this action, and such other and further relief this Court deems just and proper equal to $20,000,000 (U.S. Dollars) with such other and further relief this Court deems just, proper, and equitable.

Date: *September 15, 2020*

_____/s/_____

Jason Ian Poblete (D.C. Bar No. 500414)
Poblete Tamargo LLP
510 King Street, Suite 340
Alexandria, Virginia 22314
Phone: 703.566.3037
Fax:   703.566.3972
jpoblete@pobletetamargo.com


_____/s/_____

Mauricio J. Tamargo (D.C. Bar No. 469839)
Poblete Tamargo LLP
510 King Street, Suite 340
Alexandria, Virginia 22314
Phone: 703.566.3037
Fax:   703.566.3972
mtamargo@pobletetamargo.com


*Counsel for the Plaintiffs*
