# Exhibit "D"

Decision no.471/2016-2017
Date: 10/4/2017

Petition number: 20800/2016 and 20956/2016

**The Appellant**: United Lebanese Excavators & Crushers Company sal (ULECC)

**The Appellee**: The Lebanese state

**The governing body**: **President: Nizar EL AMIN**
**Counselor: Amal EL RASSI**
**Counselor: Nadim GHAZAL**

## The state consultative council

## In the name of the Lebanese People

The state consultative council,

Upon review of the petition file, the reports of the reporting president and the state commissioner, and the two parties' comments on the said documents,
And upon deliberation duly;

### - **In the petition number 20800/2016**

Whereas the United Lebanese Excavators & Crushers Company S.A.L (ULECC) submitted through its legal representative a petition registered under number 20800/2016 on 19/01/2016, requesting to implement the provisions of article 93 of the state consultative council regulations and to condemn the appellee to pay a compulsory fine of 10% of the sum adjudged due to its delay to execute the judgment rendered by the council under the number 15/2005 on 06/10/2005 and which condemned the appellee to pay an amount of USD/134,144,939/ as specified in the report of the second experts' committee for the damages caused to the excavators and the crusher with a legal interest of 9%; and charged the appellee to pay all charges and expenses.

**Whereas the appellant submits and states the following:**

- On 03/11/2015 the dispute was established before: the Prime Minister's office in virtue of document number 1939/2, the Ministry of Interior and Municipalities in virtue of document number 19160/MIM2015, Ministry of Finance in virtue of document number 18825/MF, and on 04/11/2015 before the Ministry of environment in virtue of document number 5656.
- The appellant was granted legal permits to invest excavators and crushers that were closed due to arbitrary judgments. These judgments were annulled by the state consultative council in virtue



of the two decisions number 236/2001-2002 dated 13/12/2001 and number 416/2002-2003 dated 09/04/2003.

Decision number 15/2005 was rendered to compensate the appellant for the damages it suffered due to destroying and removing all buildings and constructions completely. This decision was final, irrevocable and definitive and is considered res judicata in accordance with articles /303,553,556 and 564/ of the Civil Proceedings Code, the appellee shall execute it under liability in accordance with the provisions of article 93 of the council's law.

- On 18/02/2010 the Council of Cases in the Ministry of justice sent a letter to the Ministry of Interior aiming to execute the decisions of the court then on 27/10/2011 it affirmed its request.

- On 23/05/2012 the Prime Minister rendered a decision under the number 80/2012 that included: the formation of a ministerial committee to look into the Ministry of interior and municipalities' request by the number 2537 and 6023 dated 25/04/2012, the study of the execution mechanism of the two decisions of the council number 11/2005 and number 15/2005, and to provide its recommendations in this regard.

- On 16/04/2013, Prime Minister Najib MIKATI sent a letter number 1244/ stating his intention to present the report of the ministerial committee to the Council of Ministers in order to take the right decision to solve the problem duly. This letter is based on restrictions, referrals and reports which confirmed that the case is res judicata and the adjudged amount shall be paid. However, after three years, the state is still ignoring it.

- Based on the case's facts, it can be concluded that the appellee explicitly admits and acknowledges the facts and that it is submissive but without showing any intention to execute.

- More than 9 years have passed since the two decisions No. 11/2005 and No. 15/2005 were rendered, which is more than a reasonable period, noting that the damages are aggravating to beyond description and that if the adjudged compensations were in the state's favor it would have been doubled ten times.

- The state is considered a decent opponent governed by the rule of law, its decisions shall be in conformity with the constitution and legitimacy, and it shall not abuse its rights and powers. It shall not refuse to execute the irrevocable judgments rendered against it; its refusal might terminate the contract concluded between the state and the citizens.

- If the state refrained from executing the decision number 15/2005, it shall be considered a breach of the provisions of article 7 and 20 of the constitution and article 93 of the state consultative council regulations and articles 303,553, 556, 564 of the civil proceedings code and articles 371 and 377 of the criminal code and the res judicata case and the recommendation that the Parliament approved on July 15th 2003 ( by which it demanded the Government to comply with judicial judgments and to execute them immediately), refraining from executing the said decision is a major mistake , a violation of the law and an alteration of power.

Whereas on 18/06/2016 the appellee submitted a plea by which it requested to respond to the appellant's request by implementing the provisions of article 93 of the State Consultative Council regulations and imposing a compulsory fine determined by the Council, it stated the following:

- On 06/10/2005, decision No. 15 was rendered to compensate for the damage caused to the appellant due to non-execution of the council's decisions No. 236/2001 and 416/2003.



- After the decision No. 15/2005 was rendered the Lebanese state submitted a request for retrial, then on 08/10/2009, the council rendered a decision under No. 11/2009-201 to register the withdrawal of all the submitted petitions by the state including the request for retrial of decision number 15.

- It appeared from the decision number 11/2009-2010 that the request for registration of the withdrawal that both Lebanese state and the appellants presented was based on an agreement between the two parties by which they sought to reach reconciliation in due process of law, which means that this reconciliation should have been in a form of an explicit and comprehensive agreement to settle the dispute prior to rendering the withdrawal registration decision.

- The reconciliation in accordance with due process specially article 20 of the legislative decree number 151/1983 and article 36 of the Audit court regulation , indicates that the withdrawal of pending claims cannot be completed unless there was a reconciliation that starts with negotiation between the two parties then a final agreement shall be concluded and presented to the president of council of cases and the general director of the Ministry of justice for approval, then the agreement shall be presented to the Audit Court and the council of cases shall proceed with the request of withdrawal registration.

- Furthermore, the withdrawal registration shall be completed after the reconciliation and not prior to it. Thus, the Ministry of Interior and Municipalities concerned in execution of the compensation decision No. 15/2005 should not have sent its letter No. 2537/6023 dated 25/04/2012, which means after two years and 6 months, to the Prime Minister requesting to form a ministerial committee to study the mechanism of execution of the two decisions of the Consultative council number 11/2005 and 15/2005.

- On 23/05/2012 a committee was formed by the Prime Minister, the committee submitted its report stating that it didn't notice any obstacle that prevents paying the due amounts.

- On 18/02/2010, the President of the Council of Cases sent a letter to the Minister of Interior and Municipalities. In his letter, he agreed to the content of the said Ministry letter regarding the implementation of article 93 of the Council regulations in order to preserve the rights of the Lebanese state and the litigants. On 27/10/2011, the president sent a second letter in which he stressed the basic principles that the judicial authority is based on, most importantly respecting the judgments and the final decisions rendered by the judiciary.

- The appellant agrees to the Ministry of Environment's report, number 1820/E dated 4/06/2016, relating to its exclusion from the dispute, because the permit of investment of excavators and stone crusher in Ain Dara/Aley was issued by the governor on 31/09/1998.

- Concerning the statement of the Ministry of finance stating that as long as the reconciliation didn't happen, the litis contestatio is misplaced because the appellant is a party in this reconciliation, and it should be achieved and any other request is considered dismissed. However, the council of cases doesn't agree because the decision of withdrawal of the petitions number 11/2009 had been rendered away from any reconciliation thus the decision number 15/2005 became irrevocable and because the competent administrations: Prime Minister office and Ministry of interior and municipalities were in the last two years 2012 and 2013 studying how to execute the two decisions of the Consultative council number 11/2005 and 15/2005. The



report of the committee in charge assured that there isn't any obstacle that prevents the execution and the payment of the due amount without linking this issue to reconciliation.

- Citizens are not concerned in the relations between the ministries; as citizens shall refer an authentic copy of judgment valid for execution to the competent ministry which handles the executions in collaboration with the Ministry of Finance.

- The Ministry of Interior and the Prime Minister's office had the chance to present their plea relating to the petition but they didn't which indicates that they acknowledge that the appellant's demands are valid.

- Whereas on 11/07/2016 the appellant submitted a plea in which it repeated its statements and demands, and added that the fact that the concerned ministries and the council of cases approved to commit to the execution of the council's decisions, confirms that its statements are true.

- Whereas in 15/07/2016 the appellee submitted a last plea repeating its statement.

- Whereas on 02/08/2016 the appellee submitted a pleading with examination exhibition of the Ministry of Interior and municipalities dated 25/07/2017 in virtue of which it submitted the answer of the general directorate of administrations and local councils dated 13/07/2016 which indicated that it will be complied with the provisions and decisions rendered by the competent legal authorities and that a ministerial committee was formed to study the implementation mechanism of the two decisions rendered by the state consultative council number 11/2005 and 15/2005.

### In Petition number 20956/2016:

Whereas on 05/04/2016 the appellant submitted through its legal representative a second petition registered under No. 20956/2016 requesting the same demands mentioned in petition No. 20800/2016, it contained same statements and similar pleas presented by the appellee.

Whereas the two petitions shall be combined and considered as one due to the similarity of facts.

Whereas on 21/02/2017 the reporting president submitted his report, and on 22/02/2017 the State Commissioner submitted his petition, and the announcement to review the reports was published in the official gazette on 02/03/2017- statement 422.

Whereas on 20/03/2017 the state submitted its observations on the report and on the petition, and expressed its approval on the imposition of a compulsory fine and asked to raise its value.

Whereas on 22/03/2017, the two appellants submitted their observations on the report and the petition, and expressed their approval on the imposition of a compulsory fine, and they declared that the symbolic and "painless" fine is not sufficient to compel the administration to execute the judicial decisions, and they asked to increase the fine by 10%, to be imposed on the adjudged amount and on the interest of such amount.

Accordingly, and based on the above,



### First: in form:

Whereas the petition was submitted within the deadline and meets all conditions as to form, and therefore should be accepted in form.

### Second: on the merits:

Whereas the appellant requests the implementation of the provisions of article 93 of the State consultative council regulations and asks to judge in its favor to compel the appellee to pay a compulsory fine of 10% of the adjudged amount because of its delay in executing the No. 15 dated 06/10/2005 rendered by the said council, stating to condemn appellee to pay for the appellant the amount specified in the report of the second experts committee amounting /134,144,939/ USD for the damages incurred in the crusher and excavators in addition to the legal fine at the rate of 9%.

Whereas article 93 of the regulation of the state consultative council states the following:

"Provisions of the State Consultative Council are binding for the administration. Administrative authorities should abide by the legal cases as described by these provisions.
The moral person of the public law shall execute in a reasonable delay the definitive judgments rendered by the State Consultative council, subject to liability, and if they delayed the execution without any reason, they shall be condemned, upon request of the damaged person, to pay a compulsory fine estimated by the State consultative council that remains in effect until the execution of the judgment.

Every employee that uses directly or indirectly his power or authority to delay or prevent the execution of the judicial decision mentioned in the previous paragraph shall be fined before the department of finance with a fine not less than a three months' salary and not more than a one year salary."

Whereas it is clear from the file's documents that the decision to be executed was rendered ten years ago, and that the two parties of the dispute (the state and the appellant) asked to register the withdrawal of claims between them according to an agreement in which they agreed on its contents and stated that they are seeking to reach a reconciliation duly, and that on 08/10/2009 a decision under No. 11/2009- 2010 was rendered by this council judging to register this withdrawal in accordance to the said context.

Whereas it is clear from the facts of the case that the envisaged reconciliation didn't occur pursuant to the mentioned agreement.

Whereas the text of article 93 detailed above is clear, and the delay in execution that surpassed the reasonable duration, and the implications caused by this case which shall be stopped, and in order to urge the state to resolve it as soon as possible whether through the execution of the full articles the State consultative council decisions or through making the required reconciliation in order to not aggravate damages and increase interests on its account, which leads to the burdens to lay with the citizens, and in order to preserve the reverence of judicial decisions and the state of law, and eventually provisions of article 93 must be applied and therefore, the state shall be condemned to pay the compulsory fine stated in it.



Whereas according to the above, and as long as the reconciliation between the two parties that was intended to resolve the outstanding issue didn't occur, the state should be condemned to pay a compulsory fine of 1% every year from the value of the adjudged amount by virtue of decision No. 15 dated 06/10/2005 as from the date of judgment in this regard in the current petition until the actual date of execution.

**Therefore,**

Decides unanimously:

1- To accept the present petition in form.
2- To accept the present petition on the merits and condemn the state to pay a compulsory fine at the rate of 1% of the adjudged amount every year by virtue of decision No. 15 dated 06/10/2005 as from the date of judgment until the date of actual execution.
3- To compel the appellee to pay the fees of the petition no. 20800/2016 and to compel the appellant to pay the fees of the petition No. 20956/2016.

A decision rendered and publicly understood on the 10th of April of 2017.

| Clerk | counselor | counselor | President |
|---|---|---|---|
| **Nabiha TANNOUS** | **Nadim GHAZAL** | **Amal RASSI** | **Nizar EL AMIN** |

- **Certified true copy**
**(Signature & seal)**



**Statement of the paid fees and expenses by the appellant**

**From the copy valid for execution of the decision No. 471/2016-2017**

| | |
|---|---|
| 58000 | Judicial fees |
| 2000 | Photocopy fees |
| 1000 | Notices |
| 1000 | Copy |
| 3000 | Assistants |
| 5000 | Financial stamp |
| 1000 | Lawyers |
| 14000 | Judges |
| 6000 | Stamps |
| **91000** | **Only ninety one thousand Lebanese pounds** |

**Republic of Lebanon – State Consultative State**

**Certified true copy valid for execution**

**For the benefit of: United Lebanese Excavators & Crushers Company S.A.L. (ULECC) Beirut, on 19/07/2017**

**Chief Clerk of the State Consultative Council, Danielle Habib (Signature & seal)**

_____

True translation of the Arabic text herewith attached delivered on 22.05.2018
**The Sworn Translator Joelle Tannous**





**Number** 26994

Seen by me, Georges Tanios EL KHOUR
Notary Public in Beirut for t
authentification of the signature of the swo
translator Mr. ..........................................
on the document, incurring no liability
responsibility as regards its content, o.

.......27 JUL 2020..........................................

The Notary Public in Beirut
**Georges Tanios EL KHOURY**





REPUBLIQUE LIBANAISE
Ministère des Affaires Etrangères
et des Emigrés
Section des Légalisations
No.: .........................

Beyrouth, le: .....7 JUL 2020
Vu pour légalisation de la signature
de Mr.: .........................

Signant pour: **Hussein Tarhini**
Sans aucune responsabilité Justice
contenu du document

Droits Perçus L.L. ...................
Pt. le Chef du Bureau des Légalisations

RADWAN TABAJA

Republic of Lebanon )
City of Beirut )
Embassy of the United ) SS.
States of America )
I certify that the official, whose true
signature and official seal are,
respectively, subscribed and affixed
to this document, was on this day,
empowered to act in the official capacity
designated in the document, to which
faith and credit are due.
(The embassy assumes no responsibility for the content)

0 3 SEP 2020

Edward P. Birsner
Consul
U.S. Embassy Beirut

ر.ش

قرار رقم: ٤٧١/٢٠١٦-٢٠١٧
تاريـــخ: ٢٠١٧/٤/١٠

<u>رقم المراجعة</u>: ٢٠١٦/٢٠٨٠٠ و ٢٠١٦/٢٠٩٥٦

<u>المستدعـــــــية</u>: الشركة اللبنانية المتحدة للمقالع والكسارات ش.م.ل
<u>المستدعى بوجهها</u>: الدولة

الهيئة الحاكمة: الرئيـــــس: نزار الأمين
المستشار: أمل الراسي
المستشار: نديم غزال

مجلس شورى الدولة
باسم الشعب اللبناني

إن مجلس شورى الدولة
بعد الإطلاع على ملف المراجعة وعلى تقرير الرئيس المقرر ومطالعة مفوض الحكومة وعلى تعليق
كل من الفريقين عليهما؛
وبعد المذاكرة حسب الأصول؛



- 2 -

<u>في المراجعة رقم ٢٠٨٠٠/٢٠١٦:</u>

بما أن الشركة اللبنانية المتحدة للمقالع والكسارات ش.م.ل قدمت بواسطة وكيلها القانوني مراجعة سجلت برقم ٢٠٨٠٠/٢٠١٦ تاريخ ٢٠١٦/١/١٩ تطلب فيها تطبيق أحكام المادة ٩٣ من نظام مجلس شورى الدولة والحكم لهما بإلزام المستدعى بوجهها بدفع غرامة إكراهية توازي ١٠% من المبلغ المحكوم به بسبب تأخرها في تنفيذ القرار الصادر عن هذا المجلس برقم ١٥/٢٠٠٥ تاريخ ٢٠٠٥/١٠/٦ والقاضي بإلزامها بأن تدفع لها مبلغا حُدّد في تقرير لجنة الخبراء الثانية وقدره ٩/١٣٤,١٤٤,٩٣٩/د.أ عن الأضرار اللاحقة بها في الكسارة والمقلع مع فائدة قانونية بمعدل ٩%؛ وتضمينها المستدعى بوجهها جميع الرسوم والمصاريف.

ويما أن المستدعية تعرض وتدلي بما يلي:

− بتاريخ ٢٠١٥/١١/٣ تم ربط النزاع مع رئاسة مجلس الوزراء بموجب المعاملة رقم ٢/١٩٣٩ ومع وزارة الداخلية والبلديات بموجب المعاملة رقم ١٩١٦٠/ودب٢٠١٥ ومع وزارة المالية بموجب المعاملة رقم ١٨٨٢٥/وأ، وبتاريخ ٢٠١٥/١١/٤ تم ربط النزاع مع وزارة البيئة بموجب المعاملة رقم ٥٦٥٦.

− إنها حائزة على تراخيص قانونية باستثمار مقالع وكسارات تم إقفالها بموجب قرارات تعسفية أبطلها مجلس شورى الدولة بموجب القرارين رقم ٢٣٦/٢٠٠١-٢٠٠٢ تاريخ ٢٠٠١/١٢/١٣ ورقم ٤١٦/٢٠٠٢-٢٠٠٣ تاريخ ٢٠٠٣/٤/٩. ثم صدر القرار رقم ١٥/٢٠٠٥ لتعويضهما عن الأضرار التي لحقت بهما جراء تقطيع وإتلاف جميع المنشآت والأبنية وإزالتها من الوجود. وهذا القرار أصبح نهائيا وقطعيا ومبرما ويتمتع بقوة القضية المحكمة والقوة التنفيذية وفق المواد /٣٠٣ و٥٥٣ و٥٥٦ و٥٦٤/ من قانون أصول المحاكمات المدنية، ويتوجب على المستدعى بوجهها تنفيذه تحت طائلة المسؤولية وفقا لأحكام المادة ٩٣ من نظام هذا المجلس.

− بتاريخ ٢٠١٠/٢/١٨ أرسلت هيئة القضايا في وزارة العدل كتابا إلى وزارة الداخلية هدفه تنفيذ القرارات القضائية ثم بتاريخ ٢٠١١/١٠/٢٧ أكدت طلبها.

− بتاريخ ٢٠١٢/٥/٢٣ أصدر رئيس مجلس الوزراء قرارا برقم ٨٠/٢٠١٢ يتضمن تشكيل لجنة وزارية للنظر في طلب وزارة الداخلية والبلديات رقم ٢٥٣٧ و٦٠٢٣ تاريخ ٢٠١٢/٤/٢٥ ودراسة كيفية تنفيذ قراري هذا المجلس رقم ١١/٢٠٠٥ ورقم ١٥/٢٠٠٥ وتقديم توصياتها بالشأن.

− بتاريخ ٢٠١٣/٤/١٦ أرسل إليها رئيس مجلس الوزراء نجيب ميقاتي كتابا برقم ١٢٤٤/م.ص يفيد بالعزم على عرض تقرير اللجنة الوزارية على مجلس الوزراء لاتخاذ القرار المناسب بغية إنهاء



- ٣ -

الموضوع وفقا للأصول، وهذا الكتاب يستند إلى القيود والإحالات والتقارير التي أكدت قوة القضية المحكمة التي تستوجب دفع المبالغ المحكوم بها. ومع ذلك، فإنه بعد مرور أكثر من ثلاث سنوات ما زالت الدولة تتجاهل الأمر.

– يستخلص من وقائع القضية أنه يوجد إقرار صريح واعتراف ورضوخ من قبل المستدعى بوجهها لكن دون إظهار إرادة في التنفيذ.

– لقد مر على صدور الحكمين رقم ٢٠٠٥/١١ ورقم ٢٠٠٥/١٥ أكثر من تسع سنوات أي ما يتجاوز المهلة المعقولة، علما بأن الأضرار اللاحقة بهما تتفاقم إلى حدود تفوق الوصف وأنه لو كانت التعويضات المحكوم لها بها لصالح الدولة لكانت تضاعفت عشرات المرات.

– إن الدولة تعتبر خصما شريفا وتخضع لسيادة القانون ولموجب توافق قراراتها مع الدستور والشرعية وعدم الإساءة في استعمال الحق والصلاحية، ولا يجوز لها أن تمتنع عن تنفيذ الأحكام المبرمة الصادرة بوجهها، وهذا التمنع من شأنه أن يفسخ العقد القائم بينها وبين المواطنين.

– إن عدم تنفيذ القرار رقم ٢٠٠٥/١٥ يخالف أحكام المادتين ٧ و ٢٠ من الدستور والمادة ٩٣ من نظام مجلس شورى الدولة والمواد ٣٠٣ و٥٥٣ و٥٥٦ و٥٦٤ من قانون أصول المحاكمات المدنية والمادتين ٣٧١ و ٣٧٧ من قانون العقوبات وقوة القضية المحكمة والتوصية التي أقرها مجلس النواب يوم الثلاثاء في ١٥ تموز ٢٠٠٣ (المتعلقة بالطلب إلى الحكومة وجوب التقيد بالأحكام القضائية وتنفيذها فورا)، كما يشكل خطأ جسيما ومخالفة للقانون وتحويرا للسلطة. وكل ذلك يستوجب إلزام الدولة بدفع غرامة إكراهية وملاحقة الموظف المسؤول عن الإمتناع عن التنفيذ.

وبما أنه في ٢٠١٦/٦/١٨ قدمت المستدعى بوجهها لائحة جوابية طالبة إجابة طلب المستدعية بتطبيق أحكام المادة ٩٣ من نظام مجلس شورى الدولة وفرض غرامة إكراهية يقدرها المجلس. وأدلت بما يلي:

– بتاريخ ٢٠٠٥/١٠/٦ صدر القرار رقم ١٥ الذي قضى بتعويض عن الضرر اللاحق بالمستدعية والناتج عن عدم تنفيذ قراري هذا المجلس رقم ٢٠٠١/٢٣٦ و٢٠٠٣/٤١٦.

– إثر صدور القرار رقم ٢٠٠٥/١٥ قدمت الدولة طلب إعادة محاكمة بشأنه، ثم بتاريخ ٢٠٠٩/١٠/٨ صدر عن هذا المجلس قرار برقم ٢٠١٠-٢٠٠٩/١١ يقضي بتدوين رجوع الدولة عن جميع المراجعات المقدمة منها بما فيها طلب إعادة محاكمة بشأن القرار رقم ١٥.

– يتبين من مضمون القرار رقم ٢٠١٠-٢٠٠٩/١١ أن طلب تدوين الرجوع الذي تقدم به حينذاك كل من الدولة والمستدعيين إنما تقدما به استنادا إلى اتفاق بين الطرفين مفاده سعيهما إلى التوصل



- 4 -

إلى مصالحة تتم وفق الأصول القانونية، ما يعني أن هذه المصالحة كان يجب أن تتم بصيغة اتفاق شامل وواضح لتسوية النزاع قبل صدور قرار تدوين الرجوع.

– إن المصالحة وفق الأصول القانونية ولا سيما المادة ٢٠ من المرسوم الإشتراعي رقم ١٥١/١٩٨٣ والمادة ٣٦ من تنظيم ديوان المحاسبة، تعني أن الرجوع عن الدعاوى العالقة لا يجوز إلا بعد إجراء المصالحة التي تبدأ بالتفاوض بين الطرفين ثم وضع إتفاقية نهائية وعرضها على رئيس هيئة القضايا والمدير العام لوزارة العدل للموافقة، ثم تعرض على ديوان المحاسبة، وبعدئذ تتقدم هيئة القضايا بطلب تدوين الرجوع.

– وبالتالي فإن التدوين كان يجب أن يحصل بعد المصالحة وليس قبلها. وعليه لم يكن يحق لوزارة الداخلية والبلديات المعنية بتنفيذ قرار التعويض رقم ٢٠٠٥/١٥ أن تتوجه بكتابها رقم ٦٠٢٣/٢٥٣٧ تاريخ ٢٠١٢/٤/٢٥، أي بعد سنتين ونصف، إلى رئيس مجلس الوزراء طالبة تشكيل لجنة وزارية لدراسة كيفية تنفيذ قراري مجلس الشورى رقم ٢٠٠٥/١١ و٢٠٠٥/١٥.

– بتاريخ ٢٠١٢/٥/٢٣ تم تشكيل اللجنة من قبل رئيس مجلس الوزراء، فوضعت اللجنة تقريرها الذي لم تر فيه أي عائق يبرر عدم تصفية وصرف ودفع المبالغ المتوجبة لهما.

– بتاريخ ٢٠١٠/٢/١٨ وجه رئيس هيئة القضايا إلى وزير الداخلية والبلديات كتابا يؤيد فيه كتاب الوزارة لجهة تطبيق المادة ٩٣ من نظام هذا المجلس حرصا على حقوق الدولة والمتقاضين على السواء، ثم بتاريخ ٢٠١١/١٠/٢٧ وجه كتابا ثانيا أكد فيه على المبادئ الأساسية التي ترتكز عليها السلطة القضائية وأهمها إحترام الأحكام والقرارات المبرمة الصادرة عن القضاء.

– إنها توافق على ما ورد في مطالعة وزارة البيئة رقم ١٨٢٠/ب تاريخ ٢٠١٦/٦/٤ لجهة إخراجها من النزاع، لأن الترخيص باستثمار مقلع حجارة وكسارة بحص في منطقة عين دارة/عاليه صدر عن المحافظ بتاريخ ١٩٩٨/٩/٣١.

– بخصوص إدلاء وزارة المالية بأنه ما دام أن المصالحة لم تتم فيكون موضوع مذكرة ربط النزاع في غير محله كون المستدعية هي طرف في المصالحة يتوجب إتمامها وكل طلب خارجها يعتبر مردودا، فإن هيئة القضايا لا توافقها الرأي لأن قرار تدوين الرجوع عن المراجعات رقم ٢٠٠٩/١١ قد صدر بمعزل عن وجود المصالحة بحيث أصبح القرار رقم ٢٠٠٥/١٥ مبرما ولأن الإدارات المعنية أي رئاسة مجلس الوزراء ووزارة الداخلية والبلديات كانت في العامين ٢٠١٢ و٢٠١٣ تبحث دراسة كيفية تنفيذ قراري مجلس شورى الدولة رقم ٢٠٠٥/١١ ورقم ٢٠٠٥/١٥ وتقرير اللجنة المكلفة أكد



- 5 -

عدم وجود أي عائق امام تنفيذهما ودفع المبالغ المتوجبة دون تعليق هذا الأمر على حصول أية مصالحة.

– لا شأن للمواطنين بعلاقات الوزارات فيما بينها، إذ يكفي أن يحيل المواطن صورة صالحة للتنفيذ إلى الوزارة المختصة التي تتولى التنفيذ بالتعاون مع وزارة المالية.

– إن كلا من وزارة الداخلية ورئاسة مجلس الوزراء أعطيت فرصة لتقديم جوابها على المراجعة ولم تفعل، ما يعني تسليمها بصحة ما يطالب به المستدعيان.

وبما أنه في ٢٠١٦/٧/١١ قدمت المستدعية لائحة جوابية كررت فيها أقوالها ومطالبها، وأضافت أن موافقات الوزارات المعنية وهيئة القضايا على التزامها على التزامها تنفيذ قرارات هذا المجلس إنما تؤكد صحة إدلاءاتها.

وبما أنه في ٢٠١٦/٧/١٥ قدمت المستدعى بوجهها لائحة جوابية أخيرة مكررة أقوالها.

وبما أنه في ٢٠١٦/٨/٢ قدمت المستدعى بوجهها لائحة بإبراز مطالعة وزارة الداخلية والبلديات تاريخ ٢٠١٦/٧/٢٥ التي أودعت بوجبها جواب المديرية العامة للإدارات والمجالس المحلية تاريخ ٢٠١٦/٧/١٣ المتضمن الإشارة إلى أنها سوف تتقيد بالأحكام والقرارات الصادرة عن المراجع القضائية المختصة وأنه تم تشكيل لجنة وزارية لدراسة آلية تنفيذ قراري مجلس شورى الدولة رقم ٢٠٠٥/١١ ورقم ٢٠٠٥/١٥.

<u>في المراجعة رقم ٢٠١٦/٢٠٩٥٦:</u>

بما أنه بتاريخ ٢٠١٦/٤/٥ قدمت المستدعية بواسطة وكيلها القانوني مراجعة ثانية سجلت برقم ٢٠١٦/٢٠٩٥٦ تطلب فيها المطالب نفسها الواردة في المراجعة رقم ٢٠١٦/٢٠٨٠٠، وقد تضمنت الأقوال نفسها كما تضمنت لوائح مماثلة من قبل المستدعى بوجهها.

وبما أنه ينبغي ضم المراجعتين واعتبارهما مراجعة واحدة نظرا لتطابق المعطيات فيما بينهما.



- 6 -

وبما أنه في ٢٠١٧/٢/٢١ وضع الرئيس المقرر تقريره وفي ٢٠١٧/٢/٢٢ أبدى مفوض الحكومة مطالعته، ونشرت الدعوة للإطلاع عليهما في الجريدة الرسمية تاريخ ٢٠١٧/٣/٢ البيان ٤٢٢.

وبما أنه في ٢٠١٧/٣/٢٠ قدمت الدولة ملاحظاتها على التقرير والمطالعة مبدية تأييدها لفرض غرامة إكراهية وطالبة رفع نسبتها.

وبما أنه في ٢٠١٧/٣/٢٢ قدم المستدعيان ملاحظاتهما على التقرير والمطالعة وأبديا تأييدهما لفرض غرامة إكراهية، وأبديا أن الغرامة الرمزية وغير المؤلمة تعتبر غير كافية لإلزام الإدارة بتنفيذ الأحكام القضائية وطلبا رفع الغرامة إلى ١٠% تفرض على المبلغ المحكوم به وعلى فوائد هذا المبلغ.

*فعلى ما تقدم*

<u>أولاً – في الشكل:</u>
بما أن المراجعة مقدمة ضمن المهلة وهي تستوفي جميع الشروط الشكلية فإنه ينبغي قبولها شكلاً.

<u>ثانياً – في الأساس:</u>
بما أن المستدعية تطلب تطبيق أحكام المادة ٩٣ من نظام مجلس شورى الدولة والحكم لها بإلزام المستدعى بوجهها بدفع غرامة إكراهية توازي ١٠% من المبلغ المحكوم به بسبب تأخرها في تنفيذ القرار الصادر عن هذا المجلس برقم ١٥ تاريخ ٢٠٠٥/١٠/٦ والقاضي بإلزامها بأن تدفع لها مبلغاً حُدّد في تقرير لجنة الخبراء الثانية وقدره /١٣٤,١٤٤,٩٣٩/د.أ عن الأضرار اللاحقة بها في الكسارة والمقلع مع فائدة قانونية بمعدل ٩%.

وبما أن المادة ٩٣ من نظام مجلس شورى الدولة تنص على ما يلي:



- 7 -

"أحكام مجلس شورى الدولة ملزمة للادارة. وعلى السلطات الادارية ان تتقيد بالحالات القانونية كما وصفتها هذه الاحكام.

على الشخص المعنوي من القانون العام ان ينفذ في مهلة معقولة الاحكام المبرمة الصادرة عن مجلس شورى الدولة تحت طائلة المسؤولية واذا تأخر عن التنفيذ من دون سبب، يمكن بناء على طلب المتضرر الحكم بالزامه بدفع غرامة اكراهية يقدرها مجلس شورى الدولة تبقى سارية لغاية تنفيذ الحكم.

كل موظف يستعمل سلطته او نفوذه مباشرة او غير مباشرة ليعيق او يؤخر تنفيذ القرار القضائي المذكور في الفقرة السابقة يغرم امام ديوان المحاسبة بما لا يقل عن راتب ثلاثة اشهر ولا يزيد عن راتب ستة أشهر".

وبما أنه واضح من أوراق الملف أن القرار المطلوب تنفيذه قد صدر منذ أكثر من عشر سنوات، وأن طرفي النزاع (الدولة والمستدعية) قد طلبا تدوين رجوعهما عن الدعاوى القائمة بينهما بالإستناد إلى إتفاق تبنيا مضمونه ومفاده سعيهما إلى التوصل إلى مصالحة وفقا للأصول القانونية، وأنه في ٢٠٠٩/١٠/٨ صدر عن هذا المجلس قرار برقم ٢٠٠٩/١١-٢٠١٠ يقضي بتدوين هذا الرجوع وفقا للإطار المعروض.

وبما أنه واضح أيضا من معطيات القضية أن المصالحة المتوخاة لم تتم وفقا للإتفاق المذكور.

وبما أنه نظرا لوضوح نص المادة ٩٣ المفصلة أعلاه، ونظرا للتأخر في التنفيذ الذي زاد عن المدة المعقولة، ولما تركته هذه القضية من إنعكاسات ينبغي وقفها عند حدها، ولأجل حث الدولة على حلها بأسرع وقت ممكن إما عن طريق تنفيذ قرارات مجلس شورى الدولة بكامل بنودها أو عن طريق إجراء المصالحة المناسبة حتى لا تتفاقم الأضرار وتتراكم الفوائد على عاتقها بحيث تقع الأعباء في النهاية على كاهل المواطن، ولأجل الحفاظ على هيبة القرارات القضائية وعلى دولة القانون، فإنه لا بد في آخر المطاف من تطبيق أحكام المادة ٩٣ وبالتالي إلزام الدولة بدفع الغرامة الإكراهية المنصوص عليها فيها.

وبما أنه والحالة ما تقدم، وما دام أنه لم يتم إجراء مصالحة بين الطرفين يكون من شأنها حل المشكلة العالقة، فإنه ينبغي إلزام الدولة بدفع غرامة إكراهية قدرها ١% سنويا من قيمة المبلغ



- 8 -

المحكوم به بموجب القرار رقم ١٥ تاريخ ٢٠٠٥/١٠/٦ إعتبارا من تاريخ صدور حكم بهذا الشأن في المراجعة الحاضرة وحتى تاريخ التنفيذ الفعلي.

لذلـــك

يقرر بالإجماع:

١- قبول المراجعة الحاضرة شكلا.

٢- قبول المراجعة الحاضرة أساسا وإلزام الدولة بدفع غرامة إكراهية قدرها ١% سنويا من قيمة المبلغ المحكوم به بموجب القرار رقم ١٥ تاريخ ٢٠٠٥/١٠/٦ إعتبارا من تاريخ صدور حكم في المراجعة الحاضرة وحتى تاريخ التنفيذ الفعلي.

٣- تضمين المستدعى بوجهها نفقات المراجعة رقم ٢٠١٦/٢٠٨٠٠ وتضمين المستدعية نفقات المراجعة رقم ٢٠١٦/٢٠٩٥٦.

قرارا أصدر وأفهم علنا بتاريخ العاشر من نيسان من ٢٠١٧.

| الرئيس | المستشار | المستشار | الكاتب |
|---|---|---|---|
| نزار الأمين | أمل الراسي | نديم غزال | نبيها طنوس |

ل. ف. بيان بالرسوم والمصاريف المتحدة عن قبل انتزع
المستحقة عن الصدور الصادر للنشر عن القرار
الرقم رقم ٩٧١ تاريخ ٢٠١٦

| | |
|---|---|
| رسم قضائية | ٥٨٠٠٠ |
| رسم طابع ... | ٦٠٠٠ |
| تبليغات | ١٠٠٠ |
| استئناف | ١٠٠٠ |
| مصاريف | ٨٠٠٠ |
| طابع مالي | ٥٠٠٠ |
| تأمينة | ١٠٠٠ |
| قضاء | ١٤٠٠٠ |
| طوابع لصقاً | ٦٠٠٠ |
| | ٩٢٠٠٠ |

فقط اثنان وتسعون الف ليرة لبنانية لا غير



الجمهورية اللبنانية – مجلس شورى الدولة
صورة طبق الأصل منه للتنفيذ
لمصلحة الشركة اللبنانية الجديدة للمقاولات والتجارات .
بيروت في ٢٩/١١/٢٠١٦

دانيال حبيب
رئيس قلم مجلس شورى الدولة







REPUBLIQUE LIBANAISE
Ministère des Affaires Etrangères
et des Emigrés
Section des Légalisations

No.: ...............................

Beyrouth, le: ...............................
Vu pour légalisation de la signature

de Mr.: ...............................

Signant pour:
Sans aucune responsabilité du
contenu

Droits Perçus L.L.
Fr. Le Chef de Service des Légalisations

RADWAN TABAJA



ر.ش

قرار رقم: ٢٠١٦/٤٧١-٢٠١٧

تاريـــخ: ٢٠١٧/٤/١٠

<u>رقم المراجعة</u>: ٢٠١٦/٢٠٨٠٠ و ٢٠١٦/٢٠٩٥٦

<u>المستدعــــــــبان</u>: الشركة اللبنانية المتحدة للمقالع والكسارات ش.م.ل

<u>المستدعى بوجهها</u>: الدولة

الـهيئة الحاكمة: الرئيــــــس: نزار الأمين

المستشار: أمل الراسي

المستشار: نديم غزال

مجلس شورى الدولة

باسم الشعب اللبناني

إن مجلس شورى الدولة

بعد الإطلاع على ملف المراجعة وعلى تقرير الرئيس المقرر ومطالعة مفوض الحكومة وعلى تعليق

كل من الفريقين عليهما؛

وبعد المذاكرة حسب الأصول؛


صورة طبق الأصـ

<u>في المراجعة رقم ٢٠٨٠٠/٢٠١٦:</u>

بما أن الشركة اللبنانية المتحدة للمقالع والكسارات ش.م.ل قدمت بواسطة وكيلها القانوني مراجعة سجلت برقم ٢٠٨٠٠/٢٠١٦ تاريخ ٢٠١٦/١/١٩ تطلب فيها تطبيق أحكام المادة ٩٣ من نظام مجلس شورى الدولة والحكم لهما بإلزام المستدعى بوجهها بدفع غرامة إكراهية توازي ١٠% من المبلغ المحكوم به بسبب تأخرها في تنفيذ القرار الصادر عن هذا المجلس برقم ٢٠٠٥/١٥ تاريخ ٢٠٠٥/١٠/٦ والقاضي بإلزامها بأن تدفع لها مبلغا حُدِّد في تقرير لجنة الخبراء الثانية وقدره ١٣٤,١٤٤,٩٣٩/د.أ عن الأضرار اللاحقة بها في الكسارة والمقلع مع فائدة قانونية بمعدل ٩%؛ وتضمين المستدعى بوجهها جميع الرسوم والمصاريف.

وبما أن المستدعية تعرض وتدلي بما يلي:

- بتاريخ ٢٠١٥/١١/٣ تم ربط النزاع مع رئاسة مجلس الوزراء بموجب المعاملة رقم ٢/١٩٣٩ ومع وزارة الداخلية والبلديات بموجب المعاملة رقم ١٩١٦٠/أودبب٢٠١٥ ومع وزارة المالية بموجب المعاملة رقم ١٨٨٢٥/وأ، وبتاريخ ٢٠١٥/١١/٤ تم ربط النزاع مع وزارة البيئة بموجب المعاملة رقم ٥٦٥٦.
- إنها حائزة على تراخيص قانونية باستثمار مقالع وكسارات تم إقفالها بموجب قرارات تعسفية أبطلها مجلس شورى الدولة بموجب القرارين رقم ٢٣٦/٢٠٠١-٢٠٠٢ تاريخ ٢٠٠١/١٢/١٣ ورقم ٤١٦/٢٠٠٢-٢٠٠٣ تاريخ ٢٠٠٣/٤/٩. ثم صدر القرار رقم ٢٠٠٥/١٥ لتعويضهما عن الأضرار التي لحقت بهما جراء تقطيع وإتلاف جميع المنشآت والأبنية وإزالتها من الوجود. وهذا القرار أصبح نهائيا وقطعيا ومبرما ويتمتع بقوة القضية المحكمة والقوة التنفيذية وفق المواد ٣٠٣/ و٥٥٣ و٥٥٦ و٥٦٤/ من قانون أصول المحاكمات المدنية، ويتوجب على المستدعى بوجهها تنفيذه تحت طائلة المسؤولية وفقا لأحكام المادة ٩٣ من نظام هذا المجلس.
- بتاريخ ٢٠١٠/٢/١٨ أرسلت هيئة القضايا في وزارة العدل كتابا إلى وزارة الداخلية هدفه تنفيذ القرارات القضائية ثم بتاريخ ٢٠١١/١٠/٢٧ أكدت طلبها.
- بتاريخ ٢٠١٢/٥/٢٣ أصدر رئيس مجلس الوزراء قرارا برقم ٢٠١٢/٨٠ يتضمن تشكيل لجنة وزارية للنظر في طلب وزارة الداخلية والبلديات رقم ٢٥٣٧ و٦٠٢٣ تاريخ ٢٠١٢/٤/٢٥ ودراسة كيفية تنفيذ قراري هذا المجلس رقم ٢٠٠٥/١١ ورقم ٢٠٠٥/١٥ وتقديم توصياتها بالشأن.
- بتاريخ ٢٠١٣/٤/١٦ أرسل إليها رئيس مجلس الوزراء نجيب ميقاتي كتابا برقم ١٢٤٤/م.ص يفيد بالعزم على عرض تقرير اللجنة الوزارية على مجلس الوزراء لاتخاذ القرار المناسب بغية إنهاء



صورة طبق الأصل

الموضوع وفقا للأصول، وهذا الكتاب يستند إلى القيود والإحالات والتقارير التي أكدت قوة القضية المحكمة التي تستوجب دفع المبالغ المحكوم بها. ومع ذلك، فإنه بعد مرور أكثر من ثلاث سنوات ما زالت الدولة تتجاهل الأمر.

– يستخلص من وقائع القضية أنه يوجد إقرار صريح واعتراف ورضوخ من قبل المستدعى بوجهها لكن دون إظهار إرادة في التنفيذ.

– لقد مر على صدور الحكمين رقم ٢٠٠٥/١١ ورقم ٢٠٠٥/١٥ أكثر من تسع سنوات أي ما يتجاوز المهلة المعقولة، علما بأن الأضرار اللاحقة بهما تتفاقم إلى حدود تفوق الوصف وأنه لو كانت التعويضات المحكوم لها بها لصالح الدولة لكانت تضاعفت عشرات المرات.

– إن الدولة تعتبر خصما شريفا وتخضع لسيادة القانون ولموجب توافق قراراتها مع الدستور والشرعية وعدم الإساءة في استعمال الحق والصلاحية، ولا يجوز لها أن تمتنع عن تنفيذ الأحكام المبرمة الصادرة بوجهها، وهذا التمنع من شأنه أن يفسخ العقد القائم بينها وبين المواطنين.

– إن عدم تنفيذ القرار رقم ٢٠٠٥/١٥ يخالف أحكام المادتين ٧ و٢٠ من الدستور والمادة ٩٣ من نظام مجلس شورى الدولة والمواد ٣٠٣ و٥٥٣ و٥٥٦ و٥٦٤ من قانون أصول المحاكمات المدنية والمادتين ٣٧١ و٣٧٧ من قانون العقوبات وقوة القضية المحكمة والتوصية التي أقرها مجلس النواب يوم الثلاثاء في ١٥ تموز ٢٠٠٣ (المتعلقة بالطلب إلى الحكومة وجوب التقيد بالأحكام القضائية وتنفيذها فورا)، كما يشكل خطأ جسيما ومخالفة للقانون وتحويرا للسلطة. وكل ذلك يستوجب إلزام الدولة بدفع غرامة إكراهية وملاحقة الموظف المسؤول عن الإمتناع عن التنفيذ.

وبما أنه في ٢٠١٦/٦/١٨ قدمت المستدعى بوجهها لائحة جوابية طالبة إجابة طلب المستدعية بتطبيق أحكام المادة ٩٣ من نظام مجلس شورى الدولة وفرض غرامة إكراهية يقدرها المجلس. وأدلت بما يلي:

– بتاريخ ٢٠٠٥/١٠/٦ صدر القرار رقم ١٥ الذي قضى بتعويض عن الضرر اللاحق بالمستدعية والناتج عن عدم تنفيذ قراري هذا المجلس رقم ٢٣٦/٢٠٠١ و٤١٦/٢٠٠٣.

– إثر صدور القرار رقم ٢٠٠٥/١٥ قدمت الدولة طلب إعادة محاكمة بشأنه، ثم بتاريخ ٢٠٠٩/١٠/٨ صدر عن هذا المجلس قرار برقم ٢٠١٠-٢٠٠٩/١١ يقضي بتدوين رجوع الدولة عن جميع المراجعات المقدمة منها بما فيها طلب إعادة محاكمة بشأن القرار رقم ١٥.

– يتبين من مضمون القرار رقم ٢٠١٠-٢٠٠٩/١١ أن طلب تدوين الرجوع الذي تقدم به حينذاك كل من الدولة والمستدعيين إنما تقدما به استنادا إلى اتفاق بين الطرفين مفاده سعيهما إلى التوصل



- 4 -

إلى مصالحة تتم وفق الأصول القانونية، ما يعني أن هذه المصالحة كان يجب أن تتم بصيغة اتفاق شامل وواضح لتسوية النزاع قبل صدور قرار تدوين الرجوع.

- إن المصالحة وفق الأصول القانونية ولا سيما المادة ٢٠ من المرسوم الإشتراعي رقم ١٩٨٣/١٥١ والمادة ٣٦ من تنظيم ديوان المحاسبة، تعني أن الرجوع عن الدعاوى العالقة لا يجوز إلا بعد إجراء المصالحة التي تبدأ بالتفاوض بين الطرفين ثم وضع إتفاقية نهائية وعرضها على رئيس هيئة القضايا والمدير العام لوزارة العدل للموافقة، ثم تعرض على ديوان المحاسبة، وبعدئذ تتقدم هيئة القضايا بطلب تدوين الرجوع.

- وبالتالي فإن التدوين كان يجب أن يحصل بعد المصالحة وليس قبلها. وعليه لم يكن يحق لوزارة الداخلية والبلديات المعنية بتنفيذ قرار التعويض رقم ٢٠٠٥/١٥ أن تتوجه بكتابها رقم ٦٠٢٣/٢٥٣٧ تاريخ ٢٠١٢/٤/٢٥، أي بعد سنتين ونصف، إلى رئيس مجلس الوزراء طالبة تشكيل لجنة وزارية لدراسة كيفية تنفيذ قراري مجلس الشورى رقم ٢٠٠٥/١١ و٢٠٠٥/١٥.

- بتاريخ ٢٠١٢/٥/٢٣ تم تشكيل اللجنة من قبل رئيس مجلس الوزراء، فوضعت اللجنة تقريرها الذي لم تتر فيه أي عائق يبرر عدم تصفية وصرف ودفع المبالغ المتوجبة لهما.

- بتاريخ ٢٠١٠/٢/١٨ وجه رئيس هيئة القضايا إلى وزير الداخلية والبلديات كتابا يؤيد فيه كتاب الوزارة لجهة تطبيق المادة ٩٣ من نظام هذا المجلس حرصا على حقوق الدولة والمتقاضين على السواء، ثم بتاريخ ٢٠١١/١٠/٢٧ وجه كتابا ثانيا أكد فيه على المبادئ الأساسية التي ترتكز عليها السلطة القضائية وأهمها إحترام الأحكام والقرارات المبرمة الصادرة عن القضاء.

- إنها توافق على ما ورد في مطالعة وزارة البيئة رقم ١٨٢٠/ب تاريخ ٢٠١٦/٦/٤ لجهة إخراجها من النزاع، لأن الترخيص باستثمار مقطع حجارة وكسارة بحص في منطقة عين دارة/عاليه صدر عن المحافظ بتاريخ ١٩٩٨/٩/٣١.

- بخصوص إدلاء وزارة المالية بأنه ما دام أن المصالحة لم تتم فيكون موضوع ربط النزاع في غير محله كون المستدعية هي طرف في المصالحة يتوجب إتمامها وكل طلب خارجها يعتبر مردودا، فإن هيئة القضايا لا توافقها الرأي لأن قرار تدوين الرجوع عن المراجعات رقم ٢٠٠٩/١١ قد صدر بمعزل عن وجود المصالحة بحيث أصبح القرار رقم ٢٠٠٥/١٥ مبرما ولأن الإدارات المعنية أي رئاسة مجلس الوزراء ووزارة الداخلية والبلديات كانت في العامين ٢٠١٢ و٢٠١٣ تبحث دراسة كيفية تنفيذ قراري مجلس شورى الدولة رقم ٢٠٠٥/١١ ورقم ٢٠٠٥/١٥ وتقرير اللجنة المكلفة أكد



صورة طبق الأصل

عدم وجود أي عائق امام تنفيذهما ودفع المبالغ المتوجبة دون تعليق هذا الأمر على حصول أية مصالحة.

– لا شأن للمواطنين بعلاقات الوزارات فيما بينها، إذ يكفي أن يحيل المواطن صورة صالحة للتنفيذ إلى الوزارة المختصة التي تتولى التنفيذ بالتعاون مع وزارة المالية.

– إن كلا من وزارة الداخلية ورئاسة مجلس الوزراء أعطيت فرصة لتقديم جوابها على المراجعة ولم تفعل، ما يعني تسليمها بصحة ما يطالب به المستدعيان.

وبما أنه في ٢٠١٦/٧/١١ قدمت المستدعية لائحة جوابية كررت فيها أقوالها ومطالبها، وأضافت أن موافقات الوزارات المعنية وهيئة القضايا على التزامها تنفيذ قرارات هذا المجلس إنما تؤكد صحة إدلاءاتها.

وبما أنه في ٢٠١٦/٧/١٥ قدمت المستدعى بوجهها لائحة جوابية أخيرة مكررة أقوالها.

وبما أنه في ٢٠١٦/٨/٢ قدمت المستدعى بوجهها لائحة بإبراز مطالعة وزارة الداخلية والبلديات تاريخ ٢٠١٦/٧/٢٥ التي أودعت بوجبها جواب المديرية العامة للإدارات والمجالس المحلية تاريخ ٢٠١٦/٧/١٣ المتضمن الإشارة إلى أنها سوف تتقيد بالأحكام والقرارات الصادرة عن المراجع القضائية المختصة وأنه تم تشكيل لجنة وزارية لدراسة آلية تنفيذ قراري مجلس شورى الدولة رقم ٢٠٠٥/١١ ورقم ٢٠٠٥/١٥.

<u>في المراجعة رقم ٢٠١٦/٢٠٩٥٦:</u>

بما أنه بتاريخ ٢٠١٦/٤/٥ قدمت المستدعية بواسطة وكيلها القانوني مراجعة ثانية سجلت برقم ٢٠١٦/٢٠٩٥٦ تطلب فيها المطالب نفسها الواردة في المراجعة رقم ٢٠١٦/٢٠٨٠٠، وقد تضمنت الأقوال نفسها كما تضمنت لوائح مماثلة من قبل المستدعى بوجهها.

وبما أنه ينبغي ضم المراجعتين واعتبارهما مراجعة واحدة نظرا لتطابق المعطيات فيما بينهما.



- 6 -

وبما أنه في ٢٠١٧/٢/٢١ وضع الرئيس المقرر تقريره وفي ٢٠١٧/٢/٢٢ أبدى مفوض الحكومة مطالعته، ونشرت الدعوة للإطلاع عليهما في الجريدة الرسمية تاريخ ٢٠١٧/٣/٢ البيان ٤٢٢.

وبما أنه في ٢٠١٧/٣/٢٠ قدمت الدولة ملاحظاتها على التقرير والمطالعة مبدية تأييدها لفرض غرامة إكراهية وطالبة رفع نسبتها.

وبما أنه في ٢٠١٧/٣/٢٢ قدم المستدعيان ملاحظاتهما على التقرير والمطالعة وأبديا تأييدهما لفرض غرامة إكراهية، وأبديا أن الغرامة الرمزية وغير المؤلمة تعتبر غير كافية لإلزام الإدارة بتنفيذ الأحكام القضائية وطلبا رفع الغرامة إلى ١٠% تفرض على المبلغ المحكوم به وعلى فوائد هذا المبلغ.

*فعلى ما تقدم*

<u>أولا– في الشكل:</u>

بما أن المراجعة مقدمة ضمن المهلة وهي تستوفي جميع الشروط الشكلية فإنه ينبغي قبولها شكلا.

<u>ثانيا– في الأساس:</u>

بما أن المستدعية تطلب تطبيق أحكام المادة ٩٣ من نظام مجلس شورى الدولة والحكم لها بإلزام المستدعى بوجهها بدفع غرامة إكراهية توازي ١٠% من المبلغ المحكوم به بسبب تأخرها في تنفيذ القرار الصادر عن هذا المجلس برقم ١٥ تاريخ ٢٠٠٥/١٠/٦ والقاضي بإلزامها بأن تدفع لها مبلغا حُدّد في تقرير لجنة الخبراء الثانية وقدره /١٣٤,١٤٤,٩٣٩/د.أ عن الأضرار اللاحقة بها في الكسارة والمقلع مع فائدة قانونية بمعدل ٩%.

وبما أن المادة ٩٣ من نظام مجلس شورى الدولة تنص على ما يلي:



"أحكام مجلس شورى الدولة ملزمة للادارة. وعلى السلطات الادارية ان تتقيد بالحالات القانونية كما وصفتها هذه الاحكام.

على الشخص المعنوي من القانون العام ان ينفذ في مهلة معقولة الاحكام المبرمة الصادرة عن مجلس شورى الدولة تحت طائلة المسؤولية واذا تأخر عن التنفيذ من دون سبب، يمكن بناء على طلب المتضرر الحكم بالزامه بدفع غرامة اكراهية يقدرها مجلس شورى الدولة تبقى سارية لغاية تنفيذ الحكم.

كل موظف يستعمل سلطته او نفوذه مباشرة او غير مباشرة ليعيق او يؤخر تنفيذ القرار القضائي المذكور في الفقرة السابقة يغرم امام ديوان المحاسبة بما لا يقل عن راتب ثلاثة اشهر ولا يزيد عن راتب ستة أشهر".

وبما أنه واضح من أوراق الملف أن القرار المطلوب تنفيذه قد صدر منذ أكثر من عشر سنوات، وأن طرفي النزاع (الدولة والمستدعية) قد طلبا تدوين رجوعهما عن الدعاوى القائمة بينهما بالإستناد إلى إتفاق تبنيا مضمونه ومفاده سعيهما إلى التوصل إلى مصالحة وفقا للأصول القانونية، وأنه في ٢٠٠٩/١٠/٨ صدر عن هذا المجلس قرار برقم ٢٠١٠-٢٠٠٩/١١ يقضي بتدوين هذا الرجوع وفقا للإطار المعروض.

وبما أنه واضح أيضا من معطيات القضية أن المصالحة المتوخاة لم تتم وفقا للإتفاق المذكور.

وبما أنه نظرا لوضوح نص المادة ٩٣ المفصلة أعلاه، ونظرا للتأخر في التنفيذ الذي زاد عن المدة المعقولة، ولما تركته هذه القضية من إنعكاسات ينبغي وقفها عند حدها، ولأجل حث الدولة على حلها بأسرع وقت ممكن إما عن طريق تنفيذ قرارات مجلس شورى الدولة بكامل بنودها أو عن طريق إجراء المصالحة المناسبة حتى لا تتفاقم الأضرار وتتراكم الفوائد على عاتقها بحيث تقع الأعباء في النهاية على كاهل المواطن، ولأجل الحفاظ على هيبة القرارات القضائية وعلى دولة القانون، فإنه لا بد في آخر المطاف من تطبيق أحكام المادة ٩٣ وبالتالي إلزام الدولة بدفع الغرامة الإكراهية المنصوص عليها فيها.

وبما أنه والحالة ما تقدم، وما دام أنه لم يتم إجراء مصالحة بين الطرفين يكون من شأنها حل المشكلة العالقة، فإنه ينبغي إلزام الدولة بدفع غرامة إكراهية قدرها ١% سنويا من قيمة المبلغ



- 8 -

المحكوم به بموجب القرار رقم ١٥ تاريخ ٢٠٠٥/١٠/٦ إعتبارا من تاريخ صدور حكم بهذا الشأن في المراجعة الحاضرة وحتى تاريخ التنفيذ الفعلي.


لذلــــك

يقرر بالإجماع:
١- قبول المراجعة الحاضرة شكلا.
٢- قبول المراجعة الحاضرة أساسا وإلزام الدولة بدفع غرامة إكراهية قدرها ١% سنويا من قيمة المبلغ المحكوم به بموجب القرار رقم ١٥ تاريخ ٢٠٠٥/١٠/٦ إعتبارا من تاريخ صدور حكم في المراجعة الحاضرة وحتى تاريخ التنفيذ الفعلي.
٣- تضمين المستدعى بوجهها نفقات المراجعة رقم ٢٠١٦/٢٠٨٠٠ وتضمين المستدعية نفقات المراجعة رقم ٢٠١٦/٢٠٩٥٦.

قرارا أصدر وأفهم علنا بتاريخ العاشر من نيسان من ٢٠١٧.

الكاتب          المستشار          المستشار          الرئيس

نبيها طنوس       نديم غزال       أمل الراسي       نزار الأمين



صورة طبق الأصل

دانيـــال حبيـــب

رئيس قلم مجلس شورى الدولة

وزارة العدل

مديرية شؤون القضاة والموظفين

مكتب التصديق

دون ان تتحمل هذه الوزارة مسؤولية ما تتضمن هذه الأوراق

بيروت في .................

REPUBLIQUE LIBANAISE
Ministère des Affaires Etrangères
et des Emigrés
Section des Légalisations
No.: ....................
Beyrouth, le: ....................

Hussein Tarhini

La Justice

Signant pour:
Sans aucune responsabilité du
contenu du document

Droits Perçus L.L.: ....................
Pt. Le Chef du Bureau des Légalisations

RADWAN TABAJA