**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **PIERRE FATTOUCH** | : | |
| | : | |
| **MOUSSA FATTOUCH** | : | |
| | : | |
| **UNITED LEBANESE QUARRIES AND** | : | |
| **CRUSHERS COMPANY S.A.L.** | : | |
| *Plaintiffs* | : | **Case No.: 1:20-CV-02599-EGS** |
| *v.* | : | |
| **THE REPUBLIC OF LEBANON,** | : | |
| **Its Ministries, Agencies, and Instrumentalities** | : | |
| **c/o Ministry of Justice** | : | |
| | : | |
| **HER EXCELLENCY MARIE-CLAUD NAJIM** | : | |
| **Minister of Justice** | : | |
| *Defendant State.* | : | |

**PLAINITFFS RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS**
**AMENDED COMPLAINT AS TO ALL DEFENDANTS**
**AND FOR ADDITIONAL RELIEF**

**COMES NOW.** Plaintiffs, Pierre Fattouch, Moussa Fattouch, and United Lebanese Quarries and Crushers Company, S.A.L. **("plaintiffs")** and respectfully moves this Court to deny the Motion to Dismiss and relief requested by the defendants.  In support of their motion, Plaintiffs states as follows:

1. Plaintiffs filed an amended Complaint on March 15, 2021. The amended Complaint addressed the concerns and issues that the defendant The Republic of Lebanon alleged were a basis for dismissal of the initial Complaint. In sum, the plaintiffs discuss facts that support both the waiver of sovereign immunity by the defendants (See Exhibit A), and the basis for both the inclusion of Minister of Justice, Marie-Claud Najim in the Amended Complaint and the assertion by the plaintiffs that service of process was done as agreed by the parties (prior to the involvement of defense counsel).

1

2. Plaintiffs Amended Complaint included Exhibits A, B, C, and D.

3. Defendants jointly seek dismissal of the amended Complaint on the following grounds:

A. This Court lacks personal jurisdiction over the defendants because service has not been made in compliance with the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(a) and that no "special arrangement for service between the plaintiff and the foreign state" exists regarding service of process.

B. This Court lacks subject matter jurisdiction because none of the FSIA's enumerated exceptions to sovereign immunity apply citing 28 U.S.C. §§ 1604-1607.

C. As to defendant Marie-Claud Najim, the Amended Complaint fails to state a claim against the Minister since the underlying judgments names the Republic only. (*See* Document 22, p. 7 "Preliminary Statement").

4. Plaintiffs amended Complaint has set forth sufficient facts as required by Federal Rule of Civil Procedure 8 and 12(e). Defendant Marie-Claud Najim is sued as a foreign state as defined in 28 U.S.C. 1603(b)(1) and therefore bears responsibility for enforcement of the final judgements that are the basis for the amended complaint.

5. Regarding the issue of service of process, plaintiffs submit that service of the initial Complaint and summons was effective. Upon filing the Amended Complaint, plaintiffs inquired of counsel for the defendants whether, in accordance with Federal Rule of Civil Procedure 4(d), whether defense counsel would accept service on behalf of their clients. Defense counsel advised that were not authorized to accept service of the Amended Complaint by their clients. Plaintiffs are on notice, from the defense filings, that contrary to what plaintiffs relied upon when serving the initial Complaint at the Embassy for the Republic of Lebanon, service of the Amended Complaint would have to be made in accordance with the process under 28 U.S.C 1608.

Plaintiffs have engaged the service of process specified in 28 U.S.C. 1608 in an abundance of caution, thereby resolving the issue, and further request leave of the Court for sixty (60) days to complete service of process in this matter.

6. The attached Memorandum of Law is incorporated herein by reference.

**WHEREFORE,** for the reasons set forth above, the plaintiffs respectfully request that the Court deny the defendant's Motion to Set Aside Default and grant plaintiffs sixty (60) days to complete service of process under 28 U.S.C. 1608 for the reasons requested therein.

Respectfully submitted,

DATE:	April 12, 2021

_/s/_Jeremey Ibrahim_____
Jeremy H. Gonzalez Ibrahim
Poblete Tamargo, LLP
510 King Street, Suite 340
Alexandria, VA 22314
703−566−3037

__/s/__Jason Poblete_____
Jason Poblete
Poblete Tamargo, LLP
510 King Street, Suite 340
Alexandria, VA 22314
703−566−3037

__/s/ Mauricio Tamargo_____
Mauricio Tamargo
Poblete Tamargo, LLP
510 King Street, Suite 340
Alexandria, VA 22314
703−566−3037

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached filing and memorandum of law was served upon the below listed individuals via ECF:

Carmine D. Boccuzzi, Jr.       cboccuzzi@cgsh.com
Rathna Ramamurthi         rramamurthi@cgsh.com

Respectfully submitted,

DATE: April 12, 2021

  /s/ Jeremey Ibrahim_____
Jeremy H. Gonzalez Ibrahim
Poblete Tamargo, LLP
510 King Street, Suite 340
Alexandria, VA 22314
703−566−3037

  /s/ Jason Poblete_____
Jason Poblete
Poblete Tamargo, LLP
510 King Street, Suite 340
Alexandria, VA 22314
703−566−3037

  /s/ Mauricio Tamargo_____
Mauricio Tamargo
Poblete Tamargo, LLP
510 King Street, Suite 340
Alexandria, VA 22314
703−566−3037