## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**PIERRE FATTOUCH** :
:
**MOUSSA FATTOUCH** :
:
**UNITED LEBANESE QUARRIES AND** :
**CRUSHERS COMPANY S.A.L.** :
  *Plaintiffs* :    *Case No.: 1:20-CV-02599-EGS*
*v.* :
**THE REPUBLIC OF LEBANON,** :
**Its Ministries, Agencies, and Instrumentalities** :
**c/o Ministry of Justice** :
:
**HER EXCELLENCY MARIE-CLAUD NAJIM** :
**Minister of Justice** :
  *Defendant State.* :

## PLAINITFFS RESPONSE TO DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS OR ALTERNATIVELY, TO QUASH SERVICE

**COMES NOW,** Plaintiffs, Messrs. Pierre and Moussa Fattouch, and United Lebanese Quarries and Crushers Company, S.A.L. ("Plaintiffs) respectfully moves this Court to deny the Supplemental Motion to Dismiss or Alternatively Quash Service and relief requested by the defendants.  In support of their motion, Plaintiffs states as follows:

1. Plaintiffs filed an amended Complaint on March 15, 2021 (D.I. 24). The amended Complaint addressed the concerns and issues that the defendant The Republic of Lebanon alleged were a basis for dismissal of the initial Complaint. In that filing, the plaintiffs discuss facts that support both the waiver of sovereign immunity by the defendants and the basis for both the inclusion of Minister of Justice, Marie-Claud Najim in the Amended Complaint and the assertion by the plaintiffs that service of process was done as agreed by the parties (prior to the involvement of defense counsel).

2. Plaintiffs Amended Complaint included Exhibits A, B, C, and D.

1

3.  Defendant Marie-Claud Najim is sued as a foreign state agency as defined in 28 U.S.C. 1603(b).

4. Regarding the issue of service of process, plaintiffs submit that service of the initial Complaint and summons was effective. Upon filing the Amended Complaint, plaintiffs inquired of counsel for the defendants whether, in accordance with Federal Rule of Civil Procedure 4(d), whether defense counsel would accept service on behalf of their clients. Defense counsel advised that were not authorized to accept service of the Amended Complaint by their clients. Plaintiffs are on notice, from the defense filings, that contrary to what plaintiffs relied upon when serving the initial Complaint at the Embassy for the Republic of Lebanon, service of the Amended Complaint would have to be made in accordance with the process under 28 U.S.C 1608.

5. Plaintiffs engaged the service of process specified in 28 U.S.C. 1608 in an abundance of caution. Because the Republic of Lebanon had only a caretaker government at the time, service was made on both defendants in accordance with 28 U.S.C 1608(b)(3)(B), which states in pertinent part:

"(b)Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

(2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

*(3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state—*

> *(A)as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or*

> *(B)by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or . . ."*

[Emphasis added]

6. On September 10, 2021, the republic of Lebanon announced the formation of a new government, the first since August 2020. A functioning official is now seated as Minister in the Ministry of Foreign Affairs and Emigrants. Plaintiffs request an additional sixty days within which to complete service of process.

7. The attached Memorandum of Law is incorporated herein by reference.

**WHEREFORE,** for the reasons set forth above, the plaintiffs respectfully request that the Court deny the defendant's Supplemental Motion to Set Aside Default and grant plaintiffs sixty (60) days to complete service of process under 28 U.S.C. 1608 for the reasons requested therein.

DATE: September 22, 2021

Respectfully submitted,

    /s/

Jeremy H. Gonzalez Ibrahim,
Poblete Tamargo, LLP
510 King Street, Suite 340
Alexandria, VA 20036
703−566−3037

___/s/_____

Jason Poblete

Poblete Tamargo, LLP

510 King Street, Suite 340
Alexandria, VA 20036

703−566−3037

___/s/_____

Mauricio Tamargo

Poblete Tamargo, LLP

510 King Street, Suite 340
Alexandria, VA 20036

703−566−3037

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the attached filing and memorandum of law was served upon the below listed individual(s) via ECF.

Carmine D. Boccuzzi, Jr. cboccuzzi@cgsh.com

Rathna Ramamurthi, rramamurthi@cgsh.com

DATE: September 22, 2021

Respectfully submitted,

/s/_____
Jeremy H. Gonzalez Ibrahim
Poblete Tamargo, LLP
510 King Street Suite 340
Alexandria, VA 20036
703−566−3037


/s/_____
Jason Poblete
Poblete Tamargo, LLP
510 King Street Suite 340
Alexandria, VA 20036
703−566−3037

/s/_____
Mauricio Tamargo
Poblete Tamargo, LLP
510 King Street Suite 340
Alexandria, VA 20036
703−566−3037