IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

PIERRE FATTOUCH,
MOUSSA FATTOUCH,
UNITED LEBANESE QUARRIES AND CRUSHERS
COMPANY S.A.L.

    Plaintiffs,

v.

THE REPUBLIC OF LEBANON,
Its Ministries, Agencies, and Instrumentalities
c/o Ministry of Justice

HER EXCELLENCY MARIE-CLAUD NAJIM,
Minister of Justice

    Defendant State.

---

Case No.: 1:20-CV-02599-EGS

## NOTICE OF SECOND SUPPLEMENTAL MOTION TO DISMISS OR ALTERNATIVELY TO QUASH ATTEMPTED SERVICE

PLEASE TAKE NOTICE that, upon the accompanying Second Supplemental Memorandum of Law of the Republic of Lebanon (the "Republic") and Her Excellency Marie-Claude Najm, Minister of Justice (the "Minister") dated November 15, 2021 and the prior record in the above-captioned action, the Republic and the Minister hereby supplement their pending Motions to Dismiss in the above-captioned action, *see* ECF No. 26, seeking an order dismissing with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (5), and (6) the Amended Complaint filed on March 15, 2021 by the *Fattouch* plaintiffs, *see* ECF No. 24, or in the alternative quashing plaintiffs' attempts at service, most recently reflected in an Affidavit of

Return of Service filed on October 26, 2021, *see* ECF No. 41, and granting such other and further relief as the Court deems just and proper.

Dated: November 15, 2021
New York, New York

                                      CLEARY GOTTLIEB STEEN & HAMILTON LLP

                                      By: _____
                                          Carmine D. Boccuzzi, Jr. (D.C. Cir. NY0335)
                                               cboccuzzi@cgsh.com
                                          Rathna J. Ramamurthi (D.C. Cir. NY0337)
                                               rramamurthi@cgsh.com
                                          One Liberty Plaza
                                          New York, New York 10006
                                          Tel. (212) 225-2000
                                          Fax (212) 225-3999

                                        *Attorneys for the Republic of Lebanon and Her*
                                        *Excellency Marie-Claude Najm, Minister of Justice*

TO: Jason Ian Poblete
      POBLETE TAMARGO LLP
      510 King Street, Suite 350
      Alexandria, VA 22314

      Jeremy Ibrahim
      P.O. Box 1025
      Chadds Ford, PA 19317

      *Attorneys for plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

------------------------------------------------------------------------ x
PIERRE FATTOUCH,                                            :
MOUSSA FATTOUCH,                                            :
UNITED LEBANESE QUARRIES AND CRUSHERS    :
COMPANY S.A.L.                                              :
                                                            :
    Plaintiffs,                                          :
                                                            :
v.                                                          :   Case No.: 1:20-CV-02599-EGS
THE REPUBLIC OF LEBANON,                                    :
Its Ministries, Agencies, and Instrumentalities             :
c/o Ministry of Justice                                     :
                                                            :
HER EXCELLENCY MARIE-CLAUD NAJIM,                           :
Minister of Justice                                         :
                                                            :
    Defendant State.                                     :
------------------------------------------------------------------------ x

**SECOND SUPPLEMENTAL MEMORANDUM OF LAW OF THE REPUBLIC OF LEBANON AND HER EXCELLENCY MARIE-CLAUDE NAJM, MINISTER OF JUSTICE IN SUPPORT OF THEIR MOTIONS TO DISMISS THE AMENDED COMPLAINT OR ALTERNATIVELY TO QUASH ATTEMPTED SERVICE**

The Republic and the Minister submit this supplemental memorandum in support of their motions to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (5), and (6), or in the alternative to quash attempted service.[1]

## BACKGROUND

As demonstrated in the Republic and the Minister's pending motions to dismiss, plaintiffs fail to establish a basis for jurisdiction over the Republic or the Minister under the FSIA or U.S. Constitution and otherwise fail to state a claim against the Minister. The present filing addresses a fundamental defect in these proceedings, namely plaintiffs' failure to effectuate service.

Plaintiffs filed the original Complaint in this action on September 15, 2020. Compl. (Sept. 15, 2020), ECF No. 1. At plaintiffs' request, the Court granted an extension of time for service until January 8, 2021. Minute Order (Nov. 9, 2020). On December 30, 2020, plaintiffs filed affidavits on the docket purporting to have served the Republic and the Minister by delivering copies of the original Complaint and summons to an employee of the Republic's Embassy in Washington D.C. *See* Affs. of Service (Dec. 30, 2020), ECF No. 8-9.

Given the insufficiency of this purported service under governing law, the Republic and the Minister moved to dismiss the Complaint for failure to serve, along with lack of jurisdiction and failure to state a claim. Mot. to Dismiss (Mar. 1, 2021), ECF No. 13; Mot. to Dismiss (Mar. 11, 2021), ECF No. 22. Plaintiffs filed an Amended Complaint, Am. Compl. (Mar. 15, 2021), ECF No. 24, which the Republic and the Minister again moved to dismiss for failure to serve, lack of jurisdiction, and failure to state a claim. Mot. to Dismiss (Mar. 29, 2021), ECF No. 26.

---

[1] Unless otherwise noted, capitalized terms are defined in Mem. of Law (Mar. 29, 2021), ECF No. 26 or Suppl. Mem. of Law (Sept. 13, 2021), ECF No. 35. As of September 10, 2021, a new government was formed in Lebanon and accordingly Marie-Claude Najm is no longer in office as the Minister of Justice. For ease of reference, she is referred to as "the Minister" in this submission as in the prior submissions in this action.

On August 5, 2021, plaintiffs purported to have newly effectuated service on the Republic and the Minister by having the Clerk of the Court mail the documents to Mrs. Helene Iskandar at the Ministry of Justice in Lebanon.  *See* Return of Service Aff. (Aug. 5, 2021), ECF No. 34.  That attempt at service remained insufficient, for the reasons described in the Republic and the Minister's first Supplemental Motion to Dismiss (the "First Supplemental Motion").  *See* Suppl. Mem. of Law at 2-4 (Sept. 13, 2021), ECF No. 35.

In response to the First Supplemental Motion, plaintiffs requested an additional 60 days to effectuate service.  Pls.' Mem. of Law at 3 (Sept. 22, 2021), ECF No. 37-1.  That request came one year after the Complaint was filed and more than eight months after the deadline for service set by the Court.  *See* Minute Order (Nov. 9, 2020) ("Plaintiffs must ensure service of process upon Defendants and file an AFFIDAVIT by no later than January 8, 2021, or the Court will dismiss the action without prejudice").  Accordingly, the Republic and the Minister respectfully requested that any such extension be plaintiffs' last chance to complete service.  *See* Suppl. Reply Mem. of Law at 1 (Sept. 29, 2021), ECF No. 38 (citing *Ellenbogen v. Canadian Embassy*, No. CV 05-1553 (JDB), 2006 WL 8450006, at *3 (D.D.C. Apr. 26, 2006) (ordering this for "plaintiff's third attempt at service of process . . . almost nine months after the complaint was filed" where delays had arisen from plaintiff's "misunderstandings of the law")).

Since that time, plaintiffs purport to have made a third attempt at service.  *See* Return of Service Aff. (Oct. 26, 2021), ECF No. 41.  However, this attempted service remains deficient. Accordingly, the Amended Complaint should be dismissed for lack of jurisdiction and failure to state a claim as set forth in the Republic and the Minister's previous submissions, *see* Mem. of Law at 6-15 (Mar. 29, 2021), ECF No. 26, and for failure to serve as set forth in the Republic

and the Minister's First Supplemental Motion, *see* Suppl. Mem. of Law at 3-4 (Sept. 13, 2021), ECF No. 35, and below.  In the alternative, plaintiffs' latest attempt at service should be quashed.

**I.     THE CLAIM AGAINST THE REPUBLIC SHOULD BE DISMISSED FOR FAILURE TO SERVE UNDER THE FSIA.**

As set forth in the First Supplemental Motion, in order to establish personal jurisdiction over a foreign state such as the Republic, a plaintiff must demonstrate that service has been made on the foreign state in compliance with the FSIA.  *See* Suppl. Mem. of Law at 2 (Sept. 13, 2021), ECF No. 35 (citing Mem. of Law at 5 (Mar. 29, 2021), ECF No. 26 (citing *Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 1051 (2019); 28 U.S.C. § 1608(a))).  The FSIA provides that where, as here, no "special arrangement for service between the plaintiff and the foreign state" exists, § 1608(a)(1), and there is no "applicable international convention on service of judicial documents," § 1608(a)(2), the plaintiff must serve the foreign state "by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned."  § 1608(a)(3).

Plaintiffs claim to have served the Republic pursuant to Section 1608(a)(3).  Return of Service Aff. at 1 (Oct. 26, 2021), ECF No. 41.  But contrary to plaintiffs' counsel's assertion, *id.*, the package did not contain a notice of suit (including a copy of the FSIA) as required.  *See Gretton Ltd. v. Republic of Uzbekistan*, Civil Action No. 18-1755 (JEB), 2019 WL 3430669, at *3 (D.D.C. July 30, 2019) (omission of notice of suit and copy of the FSIA from service packet "would render service incomplete"), *appeal dismissed*, No. 19-7102, 2020 WL 4932321 (D.C. Cir. July 30, 2020); 22 CFR § 93.2 (describing form and other requirements of the notice of suit). Accordingly, plaintiffs' latest attempt at service of the Republic remains insufficient.

## II. THE CLAIM AGAINST THE MINISTER SHOULD BE DISMISSED FOR FAILURE TO SERVE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4.

As set forth in the First Supplemental Motion, service of the Minister is governed by Federal Rule of Civil Procedure 4(f), which as applicable here allows for service "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction," or "unless prohibited by the country's law . . . using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt."  Suppl. Mot. to Dismiss at 3 (Sept. 13, 2021), ECF No. 35 (quoting Fed. R. Civ. Pro. 4(f)(2)(A), (2)(C)(ii)).  Plaintiffs therefore must show that they served the Minister in accordance with Lebanese law.  *See id.* (citing *Dominguez v. District of Columbia*, 536 F. Supp. 2d 18, 22 (D.D.C. 2008) ("[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portion of Rule 4 and any other applicable provision of law.") (quoting *Light v. Wolf,* 816 F.2d 746, 751 (D.C. Cir. 1987)) (internal quotation marks omitted)).

Here, plaintiffs have once again purported to serve the Minister in the same way that they have purported to serve the Republic—this time, by mail to H.E. Abdallah Bou Habib at the Ministry of Foreign Affairs in Lebanon.  *See* Return of Service Aff. at 1 (Oct. 26, 2021), ECF No. 41.  Plaintiffs do not and cannot show that this method of service complies with Lebanese law, as required by Rule 4(f).  As explained in the First Supplemental Motion, under Article 399 of the Lebanese Civil Procedure Code, for service of an individual the papers must be "delivered *to the person himself* at his location, place of residence, place of work or anywhere he is present."  *See* Suppl. Mot. to Dismiss at 3-4 (Sept. 13, 2021), ECF No. 35 (quoting Art. 399, Lebanese Civil Procedure Code (Ex. A, Suppl. Decl. of Rathna J. Ramamurthi (Sept. 13, 2021), ECF No. 35-2) (emphasis added)).  Moreover, if service is made "somewhere other than the

[individual's] site or place of residence" the process server must "examine[] official papers which prove the person's identity" before delivering and must reference this proof of identity in a notification report. *See id.* at 4.

Plaintiffs fail to show that these requirements are satisfied here. Their own affidavit establishes that there was no delivery to the Minister herself—instead, the documents were sent to H.E. Abdallah Bou Habib and the delivery slip is signed by someone named "Norma." *See* Return of Service Aff. at 1 (Oct. 26, 2021), ECF No. 41; DHL Statements (Oct. 26, 2021), ECF Nos. 41-1, 41-2. In addition, plaintiffs do not and cannot show that the process server examined the Minister's official identification papers as required. And there is no mention of any notification report. Accordingly, plaintiffs' attempted service fails under Lebanese law and is therefore insufficient under Rule 4(f).

## CONCLUSION

For the foregoing reasons, the Republic and the Minister respectfully request that the Court grant their Motions to Dismiss the Amended Complaint or Alternatively to Quash Attempted Service.

Dated: November 15, 2021
  New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
  Carmine D. Boccuzzi, Jr. (D.C. Cir. NY0335)
    cboccuzzi@cgsh.com
  Rathna J. Ramamurthi (D.C. Cir. NY0337)
    rramamurthi@cgsh.com
  One Liberty Plaza
  New York, New York 10006
  Tel. (212) 225-2508
  Fax (212) 225-3999

*Attorneys for the Republic of Lebanon and Her Excellency Marie-Claude Najm, Minister of Justice*