IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PIERRE FATTOUCH** : | |
| : | |
| **MOUSSA FATTOUCH** : | |
| : | |
| **UNITED LEBANESE QUARRIES AND** : | |
| **CRUSHERS COMPANY S.A.L.** : | |
| *Plaintiffs* : | Case No.: 1:20-CV-02599-EGS |
| *v.* : | |
| **THE REPUBLIC OF LEBANON,** : | |
| Its Ministries, Agencies, and Instrumentalities : | |
| c/o Ministry of Justice : | |
| : | |
| **HER EXCELLENCY MARIE-CLAUD NAJIM** : | |
| Minister of Justice : | |
| *Defendant State.* : | |

**MEMORANDUM OF LAW**

<u>INTRODUCTION</u>

Plaintiffs are in possession of final judgements that are the product of a legal system that afforded the defendants due process of law. Defendants have persisted in failing to satisfy the judgements, hence causing the plaintiffs to pursue relief under the Uniform Foreign-Country Money Judgments Recognition Act of 2011, D.C. Code §15-361, §15.636 and, §15.364, et. seq. As articulated in the amended complaint, the defendants have been aware of the finality of the judgements since 2005 and 2017, yet they have not provided satisfaction to the plaintiffs.

In truth in fact, the defendants have actual notice of the initial complaint and amended complaint. The defendants have mounted a robust effort to walk back the assurances provided to plaintiffs on both subject matter and personal jurisdiction. Nonetheless, plaintiffs have complied with the service requirements under 28 U.S.C. 1608(a)(2) and (b)(3)(B). Given the claim by the defendants in their most recent second supplemental motion to dismiss, it is clear that service

1

was effective upon the defendants. The defendants now bring a claim that the service package was missing necessary documents.

In their second supplemental motion to dismiss, the new ground raised is that the service package did not include the Notice of Suit and copy of the Foreign Sovereign Immunities Act ("FISA"). Plaintiffs included the attached Notice of Suit with a copy of the FISA (EXHIBIT A) in both packets served upon the head of the Ministry of Foreign Affairs.

The apparent fact that the head of the Ministry of Foreign Affairs lost or misplaced all or part of the package does not diminish the effectiveness of the service. *See* De Sousa v. Embassy of the Republic of Angola 229 F. Supp. 3d 23, 29 (D.D.C. 2017). On October 4, 2021, the Clerk of Court filed the Clerk's Certificate of mailing [D.I. 40]. Regarding defendant Minister of Justice Marie-Claud Najim, as an agency or instrumentality of a foreign state, service may be made under 1608(b)(3)(B), which states in pertinent part:

"(b)Service in the courts of the United States and of the States shall be made upon an *agency or instrumentality of a foreign state*:

(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

(2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

*(3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state—*

(A) *as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or*

(B) *by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served,* or

[Emphasis added]

<u>CONCLUSION</u>

Plaintiffs have effectively, in good faith and in accordance with the Foreign Sovereign Immunities Act, served both defendants. In addition, for reasons stated in all prior filings, this Court has subject matter jurisdiction to grant the relief requested by the plaintiffs in their Amended Complaint.

Respectfully submitted,

DATE: *November 16, 2021*

/s/
Jeremy H. Gonzalez Ibrahim
Poblete Tamargo, LLP
510 King Street, Suite 340
Alexandria, VA 20036
703−566−3037

/s/
Jason Poblete
Poblete Tamargo, LLP
510 King Street, Suite 340
Alexandria, VA 20036
703−566−3037

/s/
Mauricio Tamargo
Poblete Tamargo, LLP
510 King Street, Suite 340
Alexandria, VA 20036
703−566−3037