**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

------------------------------------------------------------------------- x

PIERRE FATTOUCH,                                         :
MOUSSA FATTOUCH,                                         :
UNITED LEBANESE QUARRIES AND CRUSHERS    :
COMPANY S.A.L.                                          :
                                                        :
      Plaintiffs,                                       :
                                                        :
v.                                                      :   Case No.: 1:20-CV-02599-EGS
THE REPUBLIC OF LEBANON,                                :
Its Ministries, Agencies, and Instrumentalities        :
c/o Ministry of Justice                                 :
                                                        :
HER EXCELLENCY MARIE-CLAUD NAJIM,                       :
Minister of Justice                                    :
                                                        :
      Defendant State.                                  :

------------------------------------------------------------------------- x


**SECOND SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF THE REPUBLIC
OF LEBANON AND HER EXCELLENCY MARIE-CLAUDE NAJM, FORMER
MINISTER OF JUSTICE IN SUPPORT OF THEIR MOTIONS TO DISMISS THE
AMENDED COMPLAINT OR ALTERNATIVELY TO QUASH ATTEMPTED
SERVICE**

## TABLE OF AUTHORITIES

**Cases**

*De Sousa v. Embassy of the Republic of Angola*,
229 F. Supp. 3d 23 (D.D.C. 2017) ................................................................................ 2

*Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*,
766 F.3d 74 (D.C. Cir. 2014) ...................................................................................... 3

*Republic of Sudan v. Harrison*,
139 S. Ct. 1048 (2019) ............................................................................................ 2, 3

*Samantar v. Yousuf*,
560 U.S. 305 (2010) .................................................................................................... 3

**Statutes**

28 U.S.C. §§ 1608 ...................................................................................................... 2, 3

**Other Authorities**

22 CFR § 93.2 ............................................................................................................ 1, 2

Fed. R. Civ. P. 4 ............................................................................................................ 3

Contrary to plaintiffs' repeated assertion, Pls.' Second Resp. ¶ 1, the Amended Complaint did not remedy the defects that require dismissal of this action for lack of jurisdiction and failure to state a claim, set forth in the Republic and the former Minister's previous submissions.  *See* Mem. of Law at 6-15 (Mar. 29, 2021), ECF No. 26; Reply Mem. of Law at 4-12 (Apr. 19, 2021), ECF No. 30; Mem. of Law at 4-9 (Mar. 1, 2021), ECF No. 13; Mem. of Law at 8-9 (Mar. 11, 2021), ECF No. 22; Reply Mem. of Law at 7-8 (Apr. 6, 2021), ECF No. 28.[1]  As demonstrated in the pending motion to dismiss filings, even if plaintiffs had effected proper service, this action should in any event be dismissed with prejudice.

The Republic and the former Minister also write to correct certain mischaracterizations of law and fact in plaintiffs' latest response, many of which are repeated from plaintiffs' previous responses:

*First*, as explained in the Republic's opening brief, plaintiffs' latest attempt at service of the Republic is deficient because the package did not include a notice of suit, including a copy of the FSIA, as required.  Second Suppl. Mem. of Law at 3 (Nov. 15, 2021), ECF No. 42.  Plaintiffs have submitted as an exhibit the notice of suit that they claim was included.  *See* Ex. (Nov. 16, 2021), ECF No. 44; Pls.' Second Resp. ¶ 4; Pls.' Second Mem. of Law at 2.  But that document—even if it were included in the service packet (it was not)—omits information from the required form notice of suit regarding jurisdiction and sovereign immunity, issues that are at the center of this matter.  *Compare* Annex ¶ 7, 22 CFR § 93.2 ("The response may present

---

[1] Unless otherwise noted, capitalized terms are defined in Mem. of Law (Mar. 29, 2021), ECF No. 26, Suppl. Mem. of Law (Sept. 13, 2021), ECF No. 35, and/or Second Suppl. Mem. of Law (Nov. 15, 2021), ECF No. 42.  As of September 10, 2021, a new government was formed in Lebanon and accordingly Marie-Claude Najm is no longer in office as the Minister of Justice.  She is referred to as "the former Minister" in this submission.  "Pls.' Second Resp." is Pls. Resp.' to Defs.' Supp. Mot. to Dismiss Am. Compl. as to All Defs. and for Additional Relief (Nov. 16, 2021), ECF No. 43, and "Pls. Second Mem. of Law" is Mem. of Law (Nov. 16, 2021), ECF No. 43-1.

jurisdictional defenses (including defenses relating to state immunity)") *with* Ex. at 5 (Nov. 16,

2021), ECF No. 44 ("The response may present any defenses"); *and* Annex ¶ 9, 22 CFR § 93.2

("Questions relating to state immunities and to the jurisdiction of United States courts over

foreign states are governed by the Foreign Sovereign Immunities Act") *with* Ex. at 5 (Nov. 16,

2021), ECF No. 44 ("Action is being brought under the Foreign Sovereign Immunities Act").

Moreover, a translation of the FSIA is not included.  *See* 28 U.S.C. § 1608(a)(3) (requiring

translation of notice of suit); 22 CFR § 93.2(e) (describing copy of FSIA "as part of the Notice of

Suit").[2]

    *Second*, plaintiffs continue to acknowledge that service of the Republic is governed by 28

U.S.C. § 1608(a)(3).  Pls.' Second Resp. ¶ 4.  Conceding this, they are again wrong in claiming

service of the initial Complaint on the Republic's Embassy in Washington D.C. was "effective,"

*id.*, as such purported service is *not* authorized by the FSIA.  *See* Suppl. Reply Mem. of Law at 2

(Sept. 29, 2021), ECF No. 38 (citing *Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 1053

(2019) (mailing to "foreign state's embassy in the United States" does not satisfy § 1608(a)(3))).

In their memorandum of law, plaintiffs mistakenly refer to 28 U.S.C. § 1608(a)(2), which

provides for service "in accordance with an applicable international convention."  *See* Pls.'

Second Mem. of Law at 1.  Of course, there is no such applicable convention here, as plaintiffs

have previously conceded.  *See* Pls.' Mot. to Extend Time to Serve Defs. ¶ 3 (Nov. 9, 2020),

ECF No. 7.  Nor was there any agreement among the parties regarding service, contrary to

plaintiffs' assertion.  *See* Pls.' Second Resp. ¶ 1.

---

[2] Plaintiffs are not helped by *De Sousa v. Embassy of the Republic of Angola*, 229 F. Supp. 3d 23, 29 (D.D.C. 2017) (cited in Pls.' Second Mem. of Law at 2), which involved a dispute over whether a service packet was received at all, not a question of whether a notice of suit in proper form was included.

*Third*, plaintiffs once again incorrectly assert that service of the former Minister is governed by the FSIA.  Pls.' Second Resp. ¶ 3(A); Pls.' Second Mem. of Law at 2.  As repeatedly demonstrated in prior submissions, service of the former Minister is governed by Federal Rule of Civil Procedure 4(f), because a foreign government official such as the former Minister does *not* qualify as an "agency or instrumentality of a foreign state" under the FSIA. Reply Mem. of Law at 10-11 (Apr. 19, 2021), ECF No. 30 (citing *Samantar v. Yousuf*, 560 U.S. 305, 315-16 (2010)); Second Suppl. Mem. of Law at 4-5 (Nov. 15, 2021), ECF No. 42; Supp. Mem. of Law at 3-4 (Sept. 13, 2021), ECF No. 35; Suppl. Reply Mem. of Law at 3 (Sept. 29, 2021), ECF No. 38; Mem. of Law at 12-13 (Mar. 29, 2021), ECF No. 26; Mem. of Law at 8 (Mar. 11, 2021), ECF No. 22; Mem. of Law at 8 (Mar. 1, 2021), ECF No. 13.  Plaintiffs still have not complied with Rule 4(f); indeed, they do not even argue that they have met the requirements of the Rule.  *See* Aff. (Oct. 26, 2021), ECF No. 41 (appearing to assert proper service of the former Minister based on procedure for foreign state).

*Finally*, purported "actual notice," Pls.' Second Mem. of Law at 1, does not excuse plaintiffs' failure to comply with the requirements for service under governing law.  *See* Suppl. Reply Mem. of Law at 3 (Sept. 29, 2021), ECF No. 38 (citing *Harrison*, 139 S. Ct. at 1058 ("§ 1608(a)(3) 'does not deem a foreign state properly served solely because the service method is reasonably calculated to provide actual notice.'"); *Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 81 (D.C. Cir. 2014) (actual notice "cannot by itself validate an otherwise defective service" absent at least substantial compliance with Rule 4)); Reply Mem. of Law at 8 (Apr. 19, 2021), ECF No. 30.

**CONCLUSION**

For these reasons, the Republic and the former Minister respectfully request that the

Court grant their Motions to Dismiss the Amended Complaint or Alternatively to Quash

Attempted Service.

Dated: November 23, 2021
      New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____

    Carmine D. Boccuzzi, Jr. (D.C. Cir. NY0335)
       cboccuzzi@cgsh.com
    Rathna J. Ramamurthi (D.C. Cir. NY0337)
       rramamurthi@cgsh.com
    One Liberty Plaza
    New York, New York 10006
    Tel. (212) 225-2508
    Fax (212) 225-3999

*Attorneys for the Republic of Lebanon and Her Excellency Marie-Claude Najm, former Minister of Justice*