IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PIERRE FATTOUCH | : | |
| | : | |
| MOUSSA FATTOUCH | : | |
| | : | |
| UNITED LEBANESE QUARRIES AND CRUSHERS COMPANY S.A.L. | : | |
| | : | |
| *Plaintiffs* | : | Case No.: 1:20-CV-02599-EGS |
| *v.* | : | |
| THE REPUBLIC OF LEBANON, Its Ministries, Agencies, and Instrumentalities c/o Ministry of Justice | : | |
| | : | |
| HER EXCELLENCY MARIE-CLAUD NAJIM Minister of Justice | : | |
| *Defendant State.* | : | |

### PLAINTIFF'S RESPONSE TO THE DEFENDANTS' COMPREHENSIVE MOTIONS TO DISMISS THE AMENDED COMPLAINT OR ALTERNATIVELY TO QUASH ATTEMPTED SERVICE

**COMES NOW.** Plaintiffs, Pierre Fattouch, Moussa Fattouch, and United Lebanese Quarries and Crushers Company, S.A.L. ("plaintiffs") respectfully move this Court to deny and dismiss the "Comprehensive Motions to Dismiss Amended Complaint or Alternatively to Quash Attempted Service" and all relief requested by the defendants. In support of their motion, Plaintiffs states as follows:

1. Plaintiffs filed an amended Complaint on March 15, 2021. The amended Complaint [D.I. 24] addressed the concerns and issues that the defendant The Republic of Lebanon alleged were a basis for dismissal of the initial Complaint. In sum, the plaintiffs discuss facts that support both the waiver of sovereign immunity by the defendants), the basis for both the inclusion of Minister of Justice, Marie-Claud Najim in the Amended Complaint, and the assertion by the plaintiffs that service of process was done as agreed by the parties.

1

2. To date, the defendants have filed numerous motions/supplemental/second supplemental motions to dismiss, as well as replies to plaintiff's responses [D.I. 13, 26, 28, 30. 31, 35, 38, 42, and 45]. Defendants latest filing presents a restatement of the prior basis, collected in a final iteration. The basis for relief sought by the defendants have been addressed in plaintiff's responses. [D.I. 47].

3. Plaintiff's respectfully incorporate herein the prior responses to the defendants' various motions to dismiss. [D.I. 27, 29, 37 and 43].

4. Defendants jointly seek dismissal of the amended Complaint on the following grounds in their "Comprehensive Motions to Dismiss Amended Complaint or Alternatively to Quash Attempted Service":

    A. The Court lacks personal jurisdiction over the defendants because service has not been made in compliance with the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(a)(3), with respect to the defendant Republic of Lebanon, and Federal Rule of Civil Procedure 4, with respect to the Minister of Justice. Note, defendant Marie-Claud Najim is sued as a foreign state as defined in 28 U.S.C. 1603(b)(1). Plaintiffs have complied with service requirements.

    B. Defendants suggest that this Court lacks subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA") because the amended Complaint does not plead that the defendant Republic of Lebanon explicitly or implicitly waived immunity to suit in U.S. courts, does not allege facts noticing the invocation of the commercial activity and expropriation exceptions. In fact, the amended Complaint makes these very allegations in paragraphs 10-14 of the amended Complaint. [D.I. 24].

4. Regarding the issue of service of process, plaintiffs submit that service of the initial Complaint and summons was effective. Upon filing the Amended Complaint, plaintiffs inquired of counsel for the defendants whether, in accordance with Federal Rule of Civil Procedure 4(d), whether defense counsel would accept service on behalf of their clients. Defense counsel declined and advised that they were not authorized to accept service of the Amended Complaint by the defendants. Plaintiffs have engaged the service of process specified in 28 U.S.C. 1608 and completed service in accordance with the requirements of 28 U.S.C. 1608(a) and (b)(3)(B). Defendants now make the factual dispute that the service did not include required documents, specifically the Notice of Suit and a copy of the FSIA. This is inaccurate. All required documents were provided to the Clerk of Court for inspection prior to the Clerk sealing the packages and delivering directly to DHL for shipment.

5. The attached Memorandum of Law is incorporated herein by reference.

**WHEREFORE,** for the reasons set forth above, the plaintiffs respectfully request that the Court deny the defendant's Comprehensive Motions to Dismiss Amended Complaint or Alternatively to Quash Attempted Service for the reasons requested herein.

Respectfully submitted,

DATE: September 22, 2022

   /s/_____
Jeremy H. Gonzalez Ibrahim
Of Counsel
Poblete Tamargo, LLC
510 King Street, Suite 340
Alexandria, VA 20036
703−566−3037

   /s/_____
Jason Poblete
Poblete Tamargo, LLP
510 King Street, Suite 340
Alexandria, VA 20036

703−566−3037

  /s/
Mauricio Tamargo
Poblete Tamargo, LLP
510 King Street, Suite 340
Alexandria, VA 20036
703−566−3037

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached filing and memorandum of law was served upon the below-listed individual(s) via ECF.

Carmine D. Boccuzzi, Jr cboccuzzi@cgsh.com

Rathna Ramamurthi rramamurthi@cgsh.com

|  | Respectfully submitted, |
|---|---|
| DATE: September 22, 2022 | /s/ <br> Jeremy H. Gonzalez Ibrahim <br> Of Counsel <br> Poblete Tamargo, LLC <br> 510 King Street, Suite 340 <br> Alexandria, VA 20036 <br> 703−566−3037 |
|  | /s/ <br> Jason Poblete <br> Poblete Tamargo, LLP <br> 510 King Street, Suite 340 <br> Alexandria, VA 20036 <br> 703−566−3037 |
|  | /s/ <br> Mauricio Tamargo <br> Poblete Tamargo, LLP <br> 510 King Street, Suite 340 <br> Alexandria, VA 20036 <br> 703−566−3037 |