# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PIERRE FATTOUCH | : | |
| | : | |
| MOUSSA FATTOUCH | : | |
| | : | |
| UNITED LEBANESE QUARRIES AND | : | |
| CRUSHERS COMPANY S.A.L. | : | |
| | : | |
| *Plaintiffs* | : | Case No.: 1:20-CV-02599-EGS |
| v. | : | |
| THE REPUBLIC OF LEBANON, | : | |
| Its Ministries, Agencies, and Instrumentalities | : | |
| c/o Ministry of Justice | : | |
| | : | |
| HER EXCELLENCY MARIE-CLAUD NAJIM | : | |
| Minister of Justice | : | |
| *Defendant State.* | : | |
| | : | |

## MEMORANDUM OF LAW

**Introduction**

Plaintiffs are in possession of final judgments that are the product of a legal system that afforded the defendants due process of law. Defendants have persisted in failing to satisfy the judgments, hence causing the plaintiffs to pursue relief under the Uniform Foreign-Country Money Judgments Recognition Act of 2011, D.C. Code §15-361, §15.636 and, §15.364, et. seq. As articulated in the amended complaint, the defendants have been aware of the finality of the judgments since 2005 and 2017, yet they have not provided satisfaction to the plaintiffs.

**Standard**

In their Motion to Dismiss, the defendant has challenged the legal sufficiency of the plaintiffs' jurisdictional allegations Fed.R.Civ.P. 12(b)(1), (2), and (5). Defendants claim that the facts alleged are insufficient. "If the defendant challenges only the legal sufficiency of the plaintiff's jurisdictional allegations, then the district court should take the plaintiff's factual

1

allegations as true and determine whether they bring the case within any of the exceptions to immunity invoked by the plaintiff." Phoenix Consulting v. Republic of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000). Defendants have also advanced a claim that the amended complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6), thereby challenging the adequacy of the amended complaint on its face.

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must be sufficient "to give a defendant fair notice of the claims" made against the defendants. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Under the 12(b)(6) standard, a court must treat the complaint's factual allegations as true and must draw all reasonable inferences in favor of the plaintiff. Macharia v. United States, 238 F.Supp. 2d 13, 19 (D.D.C. 2002), aff'd, 334 F.3d 61 (D.C.Cir.2003).

**Personal Jurisdiction**

In truth and in fact, the defendants have actual notice of the initial complaint and amended complaint. The defendants have mounted a robust effort to walk back the assurances provided to plaintiffs on both subject matter and personal jurisdiction. Nonetheless, plaintiffs have complied with the service requirements under 28 U.S.C. 1608(a) and (b)(3)(B). Given the claim by the defendants in their most recent filing responded to herein, to wit, that the service of process packages did not include certain documents, it is clear that service has been effected upon the defendants. The defendants also now resurrect a claim which was first exhumed in the penultimate motion to dismiss [D.I. 42] that the service package was missing necessary documents.

In the present motion to dismiss [D.I. 47] and the second supplemental motion to dismiss [D.I. 42], the new ground raised is that the service package did not include the Notice of Suit and copy of the Foreign Sovereign Immunities Act ("FISA"). Plaintiffs included the attached Notice of Suit with a copy of the FISA (See D.I. 43 & 44) in both packets served upon the head of the Ministry of Foreign Affairs. The issue of the content of the packets is now disputed by the defendants. Whether the defendants only recently realized and reported to their lawyers that items were not included, or perhaps lost or misplaced all or part of the package does not diminish the effectiveness of the service. *See* De Sousa v. Embassy of the Republic of Angola, 229 F. Supp. 3d 23, 29 (D.D.C. 2017). On October 4, 2021, the Clerk of Court filed the Clerk's Certificate of mailing [D.I. 40].

Defendants assert that the plaintiffs must serve the foreign state "by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 U.S.C. § 1608(a). Plaintiffs complied with this requirement. *See* D.I. 40 and 41.

Regarding defendant Minister of Justice Marie-Claud Najim, as an agency or instrumentality of a foreign state, service may be made under 1608(b)(3)(B), which states in pertinent part:

"(b) Service in the courts of the United States and of the States shall be made upon an *agency or instrumentality of a foreign state*:

(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

3

> *(2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or*
>
> *(3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state—*
>
>> (A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or
>>
>> *(B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served,* or . . ."

[Emphasis added]

Again, as evidenced by D.I. 40 and 41, proper service was achieved.

Defendants advocate that Minister of Justice Marie-Claud Najim is an individual in a foreign country, so service is governed by Federal Rule of Civil Procedure Rule 4(f). Rule 4(f) states:

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

*(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt;* or

(3) by other means not prohibited by international agreement, as the court orders.`

[Emphasis added]

In fact, to the extent service in this manner was necessary, plaintiffs have complied with 4(f)(2)(C)(ii). See D.I. 32, 33, and 34. As indicated on D.I. 32, plaintiffs were acting in conformance with Lebanese law. Indeed, this method was repeated. See D.I. 40 and 41.`

**Subject Matter Jurisdiction**

Defendants essentially claim that there is no issue of fact regarding the waiver of sovereign immunity by the defendants. However, plaintiffs have submitted an affidavit that sufficiently pled waiver of sovereign immunity. [See D.I. 29-2] This Court has subject matter jurisdiction because the defendants have waived sovereign immunity both by implication and explicitly. [See D.I. 29-2]. The Affidavit clearly established that defendants waived sovereign immunity. Implicit waiver is found where "the foreign state had "at some point indicated its

amenability to suit." Odhiambo v. Republic Kenya, 764 F.3d 31, 35 (D.C. Cir. 2014) citing Odhiambo v. Republic of Kenya, 930 F.Supp.2d 17, 24 (D.D.C.2013) (Odhiambo I) (quoting Princz v. Federal Republic of Germany, 26 F.3d 1166, 1174 (D.C.Cir.1994)).

The independent statements made by government officials to plaintiffs establish an explicit waiver. It is sensible that this waiver was provided by the defendants when viewed in light of the other exhibits filed herein and with the amended Complaint.

As an example, Exhibit A is representative of the sentiment of the defendants that the plaintiffs possessed valid final judgements that should be paid. As attested in the Affidavit [D.I. 29-2], the waiver was both clear and unambiguous. See World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154, 1162 (D.C. Cir. 2002). In D.I. 29-3, the paragraph labeled "Third," whose assertion related to the agreement to arbitrate and arrive at a settlement is consistent with paragraph 20 of the amended complaint, is further corroborative factual evidence that the defendants waived sovereign immunity as attested to in the Affidavit [D.I 29-2].

It may very well be that the present powers in Lebanon are unsurprisingly seeking to renege on the lawful and proper actions of their own government. Lebanon's present economic and societal state of affairs may be the motive for the defendants' desperation[1]. Nonetheless the Affidavit is clear and unambiguous that the defendants waived sovereign immunity.

The Defendants have also waived sovereign immunity as contemplated under 28 U.S.C. 1605(a)(2). Plaintiffs' business in Lebanon was effectively shut down by the defendant, ultimately resulting in the judgments sought to be recognized, to prevent plaintiffs from advancing commercial businesses in the United States. Here, the defendants behaved not as a

---

[1] See, e.g., "Series of Bank Robberies hit Lebanon as people try to get own Savings," Euro News, available at https://www.euronews.com/2022/09/16/lebanon-hit-by-string-of-bank-robberies-as-citizens-try-to-claim-own-savings (last accessed September 21, 2022).

government, but as a competitor. Ignoring judicial decisions, the defendants moved forward to continue to deprive plaintiffs of their right to conduct business. See D.I. 24-1, pp. 9 -14 titled "Responsibility." The motive for this conduct is not an issue. Republic of Argentina v. Weltover, Inc., 504 U.S. 607, 614 (1992). The commercial exception applies because "the issue is whether the particular actions that the foreign state performs (whatever the motive behind them) are the type of actions by which a private party engages in "trade and traffic or commerce." Ibid.

Next, the claim made by the plaintiffs is "based upon" that activity (or upon an act in connection with that activity) that is the aforesaid commercial activity of the defendants entering into the commercial space without lawful governmental authority simply to cease the operations of a commercial enterprise (plaintiffs' business). The relief sought before this Court, recognition of final judgements, does not extract the matter from the commercial exception.

Lastly, the plaintiffs have pled in the amended complaint what is required under Republic of Argentina v. Weltover, Inc., the Court explained that "an effect is 'direct' if it follows as an immediate consequence of the defendant's" activity. Odhiambo v. Republic Kenya, Ibid at 38 citing Weltover, Inc., 504 U.S. at 618. Plaintiffs have pled that the defendants conduct was designed to "prevent plaintiffs from advancing commercial businesses in the United States." See D.I. 24 paras.12-13.

Moreover, Plaintiffs have pled that the intended effect of the defendants' commercial activity conduct, to prevent the plaintiffs from advancing commercial interests in the United States, hence this "establishes or necessarily contemplates the United States as a place of performance causes a direct effect in the United States." *Odhiambo,*, Id. at p. 40. There is no requirement of "substantiality" or "foreseeability." With respect to the direct effect. Republic of Argentina v. Weltover, Inc., 504 U.S. at 618.

Defendants have waived sovereign immunity as contemplated under 28 U.S.C. 1605(a)(3). Defendants conduct that resulted in the judgments sought to be recognized was in violation of international law. Defendants seized equipment, contracts and other tangible property of the plaintiffs, as evidenced by the judgments sought to be recognized, without providing just compensation and for no public purpose. Application of this exception hinges on a three-part inquiry: [1] the claim must be one in which "rights in property" are "in issue"; [2] the property in question must have been "taken in violation of international law"; and [3] one of two commercial-activity nexuses with the United States must be satisfied. Simon v. Republic Hungary, 911 F.3d 1172, 1177 (D.C. Cir. 2018).

The amended complaint, exhibits attached thereto, and the filed exhibits referenced herein establish a "taking" as contemplated under section 1605(a)(3). In 1972, the Republic of Lebanon ratified several pertinent international treaties, including the International Covenant on Civil and Political Rights ("ICCPR") wherein the defendants agreed to, *inter alia*, not interfere with economic rights and provide due process to enforce these rights. Since the final judgements were issued, the defendants have engaged in an ongoing violation of international law by failing to satisfy the judgements as required under the ICCPR.

As pled in the amended Complaint, the actual cause of the harm to the plaintiffs that resulted in the final judgements was conduct by an agency or instrumentality of the foreign state (*See* D.I. 24 amended Complaint, paras. 14 – 17). Plaintiffs contend that these agencies and/or instrumentalities of the defendant Republic of Lebanon engaged in commercial activity in the United States, at least at the time of the taking.

Defendant Marie-Claud Najim is an appropriate agency and/or instrumentality to be named as a defendant. The role of the Minister of Justice was elevated in this matter when the

defendant Republic of Lebanon acted to assign the Minister of Justice "to do what is necessary to ensure the rights of defense of the State in the case of the FATTOUCHES." (See D.I. 29-4 p.2)

The ultimate relief sought before this Court is for the recognition of the final judgements in Lebanon. By its own actions, the defendant Republic of Lebanon made the Minister of Justice a necessary party of plaintiffs to achieve this end.

**Conclusion**

The history of the conduct of the defendants is well documented in the exhibits to the amended complaint and this response. Over an extended period in Lebanon, the defendants have implemented a strategy to evade the rule of law and satisfy the lawfully obtained final judgments secured by the plaintiffs. The defendants have taken this same strategy to the United States courts. The exhibits referenced establish that many sectors of the Lebanese government not only acknowledged the validity of the judgments but castigated the defendant Republic of Lebanon for failure to satisfy the judgments.

In the extended course of this matter, government officials explicitly and impliedly waived the sovereign immunity of the Republic of Lebanon to allow the plaintiffs to obtain satisfaction in whatever forum they could pursue relief, including the Court. This Court has personal and subject matter jurisdiction to adjudicate plaintiffs' claims.

Respectfully submitted,

DATE: September 22, 2022

/s/
Jeremy H. Gonzalez Ibrahim
Of Counsel
Poblete Tamargo, LLC
510 King Street, Suite 340
Alexandria, VA 20036
703−566−3037

   /s/
Jason Poblete
Poblete Tamargo, LLP
510 King Street, Suite 340
Alexandria, VA 20036
703−566−3037

   /s/
Mauricio Tamargo
Poblete Tamargo, LLP
510 King Street, Suite 340
Alexandria, VA 20036
703−566−3037