IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
------------------------------------------------------------------- x
PIERRE FATTOUCH,                                                    :
MOUSSA FATTOUCH,                                                    :
UNITED LEBANESE QUARRIES AND CRUSHERS                               :
COMPANY S.A.L.                                                      :
                                                                    :
        Plaintiffs,                                                 :
                                                                    :
v.                                                                  :    Case No.: 1:20-CV-02599-EGS
THE REPUBLIC OF LEBANON,                                            :
Its Ministries, Agencies, and Instrumentalities                     :
c/o Ministry of Justice                                             :
                                                                    :
HER EXCELLENCY MARIE-CLAUD NAJIM,                                   :
Minister of Justice                                                 :
                                                                    :
        Defendant State.                                            :
------------------------------------------------------------------- x
```

**REPLY MEMORANDUM OF LAW OF THE REPUBLIC OF LEBANON AND HER EXCELLENCY MARIE-CLAUDE NAJM IN FURTHER SUPPORT OF THEIR COMPREHENSIVE MOTIONS TO DISMISS THE AMENDED COMPLAINT OR ALTERNATIVELY TO QUASH ATTEMPTED SERVICE**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................ii
PRELIMINARY STATEMENT ........................................................................................... 1
ARGUMENT ........................................................................................................................ 3
    POINT I: THE CLAIM AGAINST THE REPUBLIC SHOULD BE DISMISSED FOR FAILURE TO SERVE AND LACK OF JURISDICTION UNDER THE FSIA ............. 3
        A.   The Court Lacks Personal Jurisdiction Because Plaintiffs Still Have Not Properly Served The Republic In This Action................................................................................................................3
        B.   The Court Lacks Subject Matter Jurisdiction Under The FSIA Because Plaintiffs Have Not Shown That Any Of The FSIA's Exceptions To Sovereign Immunity Applies. ................................4
            *1. Plaintiffs Still Have Not Demonstrated That The Republic Waived Its Immunity Explicitly Or Implicitly.* ....................................4
            *2. Plaintiffs Still Have Not Satisfied The Requirements Of The FSIA's Commercial Activity Exception.* .....................................6
            *3. The FSIA's Expropriation Exception Remains Inapplicable.* ................................................................................................8
    POINT II: PLAINTIFFS FAIL TO REFUTE THE MULTIPLE SUFFICIENT BASES REQUIRING DISMISSAL OF THEIR CLAIM AGAINST MS. NAJM ........................ 10
CONCLUSION................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Rules and Statutes**

28 U.S.C. § 1605(a)(3) ............................................................................................. 9

28 U.S.C. § 1608(a) ................................................................................................. 10

28 U.S.C. § 1746 ...................................................................................................... 4

Fed. R. Civ. P. 4 ....................................................................................................... 4, 10

**Cases**

*De Csepel v. Republic of Hungary*,
859 F.3d 1094 (D.C. Cir. 2017) ............................................................................... 9

*Fed. Republic of Germany v. Philipp*,
141 S. Ct. 703 (2021) ............................................................................................... 8

*First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*,
462 U.S. 611 (1983) ................................................................................................. 9, 11

*Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries (OPEC)*,
766 F.3d 74 (D.C. Cir. 2014) ................................................................................... 4

*Gretton Ltd. v. Republic of Uzbekistan*,
Civil Action No. 18-1755 (JEB), 2019 WL 3430669 (D.D.C. July 30, 2019) ........ 3

*Ivanenko v. Yanukovich*,
995 F.3d 232 (D.C. Cir. 2021) ................................................................................. 5-6

*Luxexpress 2016 Corp. v. Gov't of Ukraine*,
No. 18-cv-812 (TSC), 2020 WL 1308357 (D.D.C. Mar. 19, 2020) ........................ 6-7

*Mohammadi v. Islamic Republic of Iran*,
947 F. Supp. 2d 48 (D.D.C. 2013) ........................................................................... 11

*Odhiambo v. Republic of Kenya*,
764 F.3d 31 (D.C. Cir. 2014) ................................................................................... 7

*Odhiambo v. Republic of Kenya*,
930 F. Supp. 2d 17 (D.D.C. 2013) ........................................................................... 11

*Princz v. Fed. Republic of Germany*,
26 F.3d 1166 (D.C. Cir. 1994) ............................................................................... 8

*Republic of Hungary v. Simon*,
141 S. Ct. 691 (2021) ............................................................................................. 8

*Republic of Sudan v. Harrison*,
139 S. Ct. 1048 (2019) ........................................................................................... 4

*SACE S.p.A. v. Republic of Paraguay*,
243 F. Supp. 3d 21 (D.D.C. 2017) ......................................................................... 5

*Samantar v. Yousuf*,
560 U.S. 305 (2010) ............................................................................................... 10

*Saudi Arabia v. Nelson*,
507 U.S. 349 (1993) ............................................................................................... 7

*Simon v. Republic of Hungary*,
911 F.3d 1172 (D.C. Cir. 2018) ............................................................................. 8

*Transamerica Leasing, Inc. v. La Republica de Venezuela*,
200 F.3d 843 (D.C. Cir. 2000) ............................................................................... 9

*United States v. 8 Gilcrease Lane, Quincy Fla. 32351*,
587 F. Supp. 2d 133 (D.D.C. 2008) ....................................................................... 5

*World Wide Minerals, Ltd. v. Republic of Kazakhstan*,
296 F.3d 1154 (D.C. Cir. 2002) ............................................................................. 5

The Republic[1] and Ms. Najm[2] submit this memorandum in further support of their comprehensive motions to dismiss the Amended Complaint filed by the *Fattouch* plaintiffs, dated March 15, 2021, ECF No. 24 (the "Amended Complaint"), pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (5), and (6), or in the alternative to quash attempted service.

## PRELIMINARY STATEMENT

As demonstrated in the opening brief on this motion, this action should be dismissed on multiple independent bases as against the Republic and as against Ms. Najm. After three attempts, plaintiffs still have not properly effected service on the Republic or Ms. Najm. Additionally, this Court has no jurisdictional connection to this wholly foreign matter—an attempt by Lebanese nationals to enforce judgments issued by a Lebanese court against the Republic of Lebanon in connection with quarries that plaintiffs purportedly owned and operated in Lebanon. Plaintiffs have once again failed to refute these deficiencies, which are fatal to their claims.

*First*, there is no basis for the Court to exercise jurisdiction over the Republic. The Court lacks personal jurisdiction over the Republic because plaintiffs have failed to serve the Republic as the Foreign Sovereign Immunities Act ("FSIA") requires. As to subject matter jurisdiction, plaintiffs largely ignore the Republic's arguments and authority establishing that none of the FSIA's exceptions to sovereign immunity apply here. Plaintiffs try to save their claim with an unsworn, unnotarized "affidavit" that vaguely references a supposed "meeting" (no date is provided) during which, according to plaintiffs' implausible assertions, unidentified Lebanese

---

[1] Unless otherwise stated, capitalized terms have the definitions given to them in the Republic's opening brief, Comp. Dismissal Mem. (Sept. 9, 2022), ECF No. 47 ("Comp. Dismissal Mem.").
[2] At the time this action was filed, Her Excellency Marie-Claude Najm was the Lebanese Minister of Justice. As of September 10, 2021, a new government was formed in Lebanon and accordingly Ms. Najm is no longer in office as the Minister of Justice.

officials told plaintiffs that they waived the Republic's immunity to suit in U.S. courts. No authority supports a finding of waiver based on such unsubstantiated, vague assertions. Nor does any other exception to sovereign immunity apply, as plaintiffs' bare assertions cannot support the application of the commercial activity or expropriation exceptions.

*Second*, plaintiffs' claim against Ms. Najm is subject to dismissal on several independent grounds. As with the Republic, plaintiffs have not properly served Ms. Najm. The Court lacks jurisdiction over a claim against Ms. Najm because she is an individual in a foreign country who does not have any relevant contacts with this jurisdiction. And even if the Court were to consider the merits of the purported claim against Ms. Najm, the claim fails at the gate because she is nowhere named in the judgments that plaintiffs are seeking to enforce here. Plaintiffs try to avoid these issues by claiming that they are suing Ms. Najm because the Republic enlisted her to defend the Republic in this matter. But that assertion does nothing to remedy the defects in their claim, and in fact requires dismissal of any claim against Ms. Najm because the Republic is the real party in interest.

Accordingly, the Amended Complaint should be dismissed in full with prejudice or, in the alternative, all of plaintiffs' attempts at service should be quashed.

# ARGUMENT

## POINT I

### THE CLAIM AGAINST THE REPUBLIC SHOULD BE DISMISSED FOR FAILURE TO SERVE AND LACK OF JURISDICTION UNDER THE FSIA

**A. The Court Lacks Personal Jurisdiction Because Plaintiffs Still Have Not Properly Served The Republic In This Action.**

As set forth in the Republic's opening brief, plaintiffs have failed to demonstrate that any of their attempts at service were made in compliance with the FSIA, and accordingly plaintiffs' claim against the Republic should be dismissed for lack of personal jurisdiction. Comp. Dismissal Mem. at 4-7. Having effectively conceded that their first two attempts to effect service were deficient, *see* Pls.' Mem. of Law at 3 (Sept. 22, 2021), ECF No. 37-1, plaintiffs purport to have made a third attempt at service, *see* Return of Service Aff. (Oct. 26, 2021), ECF No. 41. However, this latest attempted service remains deficient because the package did not include a notice of suit, including a copy of the FSIA, as required. Comp. Dismissal Mem. at 6 (citing *Gretton Ltd. v. Republic of Uzbekistan*, Civil Action No. 18-1755 (JEB), 2019 WL 3430669, at *3 (D.D.C. July 30, 2019); 22 C.F.R. § 93.2 (describing form and other notice of suit requirements)). And plaintiffs offer no response to the Republic's argument that the document purportedly included in the package, Ex. (Nov. 16, 2021), ECF No. 44, omits information from the required form notice of suit regarding jurisdiction and sovereign immunity, Comp. Dismissal Mem. at 6-7. Likewise, plaintiffs offer no rebuttal to the additional deficiency pointed out by the Republic—that a *translation* of the FSIA is not included, as required. Comp. Dismissal Mem. at 7; Ex. (Nov. 16, 2021), ECF No. 43-2.

Recognizing their failure to comply with the service rules, plaintiffs try to turn the deficiencies into virtues, claiming that the fact that the Republic and Ms. Najm noticed any deficiencies somehow makes "clear that service has been effected upon the defendants." Pls.'

3

Comp. Mem. of Law at 2 (Sept. 22, 2022), ECF No. 48-1 ("Pls.' Comp. Mem. of Law"). Purported "actual notice" does not excuse plaintiffs' failure to comply with the requirements for service under governing law. *See Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 1058 (2019) ("§ 1608(a)(3) 'does not deem a foreign state properly served solely because the service method is reasonably calculated to provide actual notice.'"); *Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries (OPEC)*, 766 F.3d 74, 81 (D.C. Cir. 2014) (actual notice "cannot by itself validate an otherwise defective service" absent at least substantial compliance with Rule 4)). For these reasons and those stated in the Republic's opening brief, Plaintiffs' claim against the Republic should be dismissed for lack of personal jurisdiction under the FSIA due to improper service.

### B. The Court Lacks Subject Matter Jurisdiction Under The FSIA Because Plaintiffs Have Not Shown That Any Of The FSIA's Exceptions To Sovereign Immunity Applies.

#### 1. *Plaintiffs Still Have Not Demonstrated That The Republic Waived Its Immunity Explicitly Or Implicitly.*

As previously set forth, the Republic has not waived its immunity explicitly or implicitly. Comp. Dismissal Mem. at 8-11. Plaintiffs assert that unspecified "independent statements made by government officials to plaintiffs establish an explicit," and implicit, "waiver." Pls.' Comp. Mem. of Law at 5-6. But that contention fails.

*First*, plaintiffs provide no evidence of an explicit waiver. Comp. Dismissal Mem. at 8-11. Their self-styled "affidavit" submitted in August 2021 in this litigation is not notarized and does not meet the admissibility requirements for an unsworn declaration under 28 U.S.C. § 1746. *See* Comp. Dismissal Mem. at 9. Defendants previously pointed out these deficiencies, which Plaintiffs have neither remedied nor tried to explain. Section 1746 requires a statement in "substantially the following form": "I declare (or certify, verify, or state) under penalty of

perjury [under the laws of the United States of America] that the foregoing is true and correct." Although these precise words are not required, "there are two statements that are essential to a proper verification under § 1746: i) an assertion that the facts are true and correct; and (ii) an averment that the first assertion is made under penalty of perjury." *United States v. 8 Gilcrease Lane, Quincy Fla. 32351*, 587 F. Supp. 2d 133, 139 (D.D.C. 2008). Plaintiffs' affidavit omits the second requirement—it contains no statement that the assertion is made under penalty of perjury. *See* Ex. A at 4 (Apr. 12, 2021), ECF No. 29-2. Accordingly, this "evidence" should not be considered by the Court.

*Second*, even if the Court were to credit Plaintffs' "evidence," all it purports to show is that an unnamed government official in unidentified meetings supposedly "encouraged" plaintiffs "to seek relief in the United States Courts" and "assured [them] that collection efforts in the United States would not be objected to under sovereign immunity." Ex. A at 4 (Apr. 12, 2021), ECF No. 29-2; *see also* Pls.' Comp. Mem. of Law at 5-6. Missing are any facts setting forth who purportedly spoke to plaintiffs, in what words, how, when, or in what context. As the Republic explained in its opening brief, Comp. Dismissal Mem. at 9-11, this does not establish an explicit waiver "clearly and unambiguously," *see, e.g.*, *Ivanenko v. Yanukovich*, 995 F.3d 232, 239 (D.C. Cir. 2021); *World Wide Minerals, Ltd. v. Republic of Kazakhstan*, 296 F.3d 1154, 1162 (D.C. Cir. 2002). Nor does it satisfy plaintiffs' burden of showing that this individual had actual or apparent authority to waive the Republic's sovereign immunity. *See SACE S.p.A. v. Republic of Paraguay,* 243 F. Supp. 3d 21, 24, 36 (D.D.C. 2017) (granting Paraguay's motion to dismiss where plaintiff failed to "allege that the Paraguayan official who purportedly effected an explicit waiver of Paraguay's sovereign immunity was actually authorized to do so"). Plaintiffs offer no response to these points.

5

*Third*, there is no implicit waiver. Comp. Dismissal Mem. at 11. Implicit waivers are found "only where a foreign state has: 1) filed a responsive pleading without raising sovereign immunity, 2) agreed to arbitrate in the United States, and 3) agreed to a particular choice of law," *i.e.*, a choice of law provision selecting U.S. law. *Ivanenko*, 995 F.3d at 239; *Luxexpress 2016 Corp. v. Gov't of Ukraine*, No. 18-cv-812 (TSC), 2020 WL 1308357, at *8-9 (D.D.C. Mar. 19, 2020). As explained in the Republic's opening brief, none applies here, and plaintiffs offer no response to those arguments in their opposition.

### 2. Plaintiffs Still Have Not Satisfied The Requirements Of The FSIA's Commercial Activity Exception.

As explained in the Republic's opening brief, this action does not fall within the scope of the FSIA's commercial activity exception because the relevant conduct took place in Lebanon and plaintiffs fail to allege a "direct effect in the United States" or that the Republic's purported conduct in Lebanon was "in connection with a commercial activity." Comp. Dismissal Mem. at 12-13 (quoting 28 U.S.C. § 1605(a)(2)). Plaintiffs' arguments to the contrary are meritless.

Regarding the "direct effect in the United States" requirement, plaintiffs altogether ignore this Court's ruling in *Luxexpress*, 2020 WL 1308357, at *7, that "where the direct effect occurred" is determined by the "locus of the tort." *See* Comp. Dismissal Mem. at 12. Here, that is Lebanon, not the United States. *Id.* (citing Am. Compl. ¶¶ 15-17). This itself defeats plaintiffs' assertion of jurisdiction under the commercial activity exception. Lacking any answer, plaintiffs resort to reiterating that defendants' conduct "was designed to 'prevent plaintiffs from advancing commercial businesses in the United States.'" Pls.' Comp. Mem. of Law at 7 (citing Am. Compl. ¶¶ 12-13). But missing from the Amended Complaint are any well-pleaded allegations to support a plausible inference that a purely domestic act in Lebanon by the Lebanese government over Lebanese property was somehow "designed" to impact plaintiffs'

(unidentified) commercial interests in the United States, or how it did so.  In any event, this Court has squarely held that even where "'an American individual or firm suffers some financial loss from a foreign tort,'" that "'cannot, standing alone, suffice' to show a 'direct effect' in the United States." *Luxexpress*, 2020 WL 1308357, at *7 (citation omitted) (loss of U.S. business is a "downstream consequence," not an "immediate consequence").  And plaintiffs are not helped by their citation to *Odhiambo v. Republic of Kenya*, 764 F.3d 31, 40 (D.C. Cir. 2014).  Pls.' Comp. Mem. of Law at 7.  There, the D.C. Circuit affirmed the commercial activity exception did not apply because "breaching a contract that establishes or necessarily contemplates the United States as a place of performance causes a direct effect in the United States, while breaching a contract that does not establish or necessarily contemplate the United States as a place of performance does not cause a direct effect in the United States." *Odhiambo*, 764 F.3d at 40.  Here, plaintiffs' claims sound in tort, not contract, and *a fortiori* there is no contract at issue that contemplates the United States as a place of performance.

Plaintiffs also have not satisfied the "commercial activity" requirement.  The Amended Complaint alleges actions of a sovereign, not a private party engaged in commerce, namely that the Republic cancelled plaintiffs' Lebanese permits, ordered closure of their quarries in Lebanon, and ordered Lebanese state security forces to destroy quarry equipment in Lebanon.  *See* Comp. Mem. of Law at 13; *Saudi Arabia v. Nelson*, 507 U.S. 349, 351-53, 361-63 (1993) (affirming dismissal under the FSIA where Saudi Arabia allegedly recruited plaintiff to work in a Saudi hospital and then arrested, imprisoned, and tortured him).  "Exercise of the powers of police and penal officers is not the sort of action by which private parties can engage in commerce," but instead is "peculiarly sovereign in nature." *Nelson*, 507 U.S. at 361-62.  Plaintiffs try to avoid this by asserting that the Republic acted "not as a government, but as a competitor," "to deprive

7

plaintiffs of their right to conduct business." Pls.' Comp. Mem. of Law at 6-7; *see also id.* at 7 (claiming the "commercial activity of the defendants" was that they "enter[ed] into the commercial space without lawful governmental authority simply to cease the operations of a commercial enterprise (plaintiffs' business)"). But as plaintiffs themselves assert, purported motive is irrelevant, *see id.* at 7; the relevant question "is whether the particular actions that the foreign state performs (whatever the motive behind them) are the type of actions by which a private party engages in 'trade and traffic or commerce,'" Comp. Dismissal Mem. at 13 (quoting *Princz v. Fed. Republic of Germany*, 26 F.3d 1166, 1172 (D.C. Cir. 1994)).

### 3. *The FSIA's Expropriation Exception Remains Inapplicable.*

As the U.S. Supreme Court recently confirmed, the FSIA's expropriation exception does not apply to a taking by a foreign state from its own citizens. Comp. Dismissal Mem. at 14 (citing *Fed. Republic of Germany v. Philipp*, 141 S. Ct. 703, 715-16 (2021); 28 U.S.C. § 1605(a)(3)). Plaintiffs (Lebanese nationals) say nothing about this binding rule, which squarely forecloses application of the expropriation exception to a claim against the Republic here. *See* Comp. Dismissal Mem. at 14 (citing *Luxexpress*, 2020 WL 1308357, at *3 (rejecting plaintiffs' argument "that taking property without just compensation violates international law" and denying application of the expropriation exception because of the "domestic takings rule")).[3] Instead, plaintiffs try to conjure a violation of international law through recycled conclusory assertions and by reference to the International Covenant on Civil and Political Rights. Pls.' Comp. Mem. of Law at 8. Even if these arguments were sound (they are not), the Supreme Court's *Philipp* ruling renders them irrelevant.

---

[3] Plaintiffs cite *Simon v. Republic of Hungary*, 911 F.3d 1172, 1177 (D.C. Cir. 2018), Pls.' Comp. Mem. of Law at 8, which the U.S. Supreme Court vacated simultaneously with its ruling in *Philipp*, 141 S. Ct. 703 (2021), *see Republic of Hungary v. Simon*, 141 S. Ct. 691 (2021).

Moreover, plaintiffs have not satisfied the expropriation exception's commercial nexus requirement for a claim against a foreign state because there are no allegations that the property at issue or any property exchanged for it "is present in the United States in connection with a commercial activity carried on in the United States by the foreign state." *See* 28 U.S.C. § 1605(a)(3); Comp. Dismissal Mem. at 14 (citing *De Csepel v. Republic of Hungary*, 859 F.3d 1094, 1108 (D.C. Cir. 2017)).

Unable to meet the expropriation exception's requirements for a claim against a foreign state, plaintiffs conclusorily assert that the "actual cause" of the alleged harm was "conduct by an agency or instrumentality of the foreign state"—one of whom supposedly is Ms. Najm. Pls.' Comp. Mem. of Law at 8-9. But this proves too much. Agencies and instrumentalities are presumed to be separate from the foreign state itself. *See, e.g.*, *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba* ("*Bancec*"), 462 U.S. 611, 627 (1983); *Transamerica Leasing, Inc. v. La Republica de Venezuela*, 200 F.3d 843, 847 (D.C. Cir. 2000). Accordingly, if the conduct at issue were by an agency or instrumentality, that would not create jurisdiction over the Republic here. *See Bancec*, 462 U.S. at 627; *Transamerica Leasing, Inc.*, 200 F.3d at 847. And plaintiffs in any event do not identify any agency or instrumentality involved in the conduct at issue—the purported harm to their quarries—much less plausibly allege its possession of relevant property or involvement in commercial activity in the United States, as the expropriation exception requires. *See* 28 U.S.C. § 1605(a)(3). While Plaintiffs claim that Ms. Najm acted as an instrumentality of the Republic in her role as Minister of Justice, *see* Pls.' Comp. Mem. of Law at 8-9, that contention fails because it is well-settled that a foreign government official such as the Minister does *not* qualify as an agency or instrumentality of a foreign state. *See, e.g.*, *Samantar v. Yousuf*, 560 U.S. 305, 315-16 (2010). Moreover, her activities as Minister bore no

relationship to the purported commercial activity at issue in the underlying judgments, let alone in a manner involving the United States.

## POINT II

### PLAINTIFFS FAIL TO REFUTE THE MULTIPLE SUFFICIENT BASES REQUIRING DISMISSAL OF THEIR CLAIM AGAINST MS. NAJM

Plaintiffs largely ignore the deficiencies in their claim against Ms. Najm set forth in the Republic's opening brief, *i.e.*, that (i) plaintiffs have not properly served Ms. Najm, an individual in a foreign country; (ii) the Court lacks personal jurisdiction or subject matter jurisdiction for a claim against Ms. Najm; and (iii) plaintiffs fail to state a claim against Ms. Najm because the underlying judgments name the Republic, not Ms. Najm. *See* Comp. Dismissal Mem. at 14-19. Each of these deficiencies serves as an independent basis for Ms. Najm's dismissal.

Plaintiffs have no response to any of the above, other than to assert—without any analysis—that they "complied with" the service provisions under 28 U.S.C. § 1608(a), Pls.' Comp. Mem. of Law at 3, and Rule 4, *id.* at 5. Plaintiffs' argument instead is that Ms. Najm is "an appropriate agency and/or instrumentality to be named as a defendant" because she was assigned "to do what is necessary to ensure the rights of defense of the State in the case of the FATTOUCHES." Pls.' Comp. Mem. of Law at 8-9. This assertion fails at every turn:

*First*, Section 1603(b)(1)—which plaintiffs fail to cite—sets forth one of the definitional requirements for agencies or instrumentalities of a foreign state. Plaintiffs' contention that Ms. Najm should be considered a foreign state agency or instrumentality fails because, as noted above, it is well-settled that a foreign government official such as the Minister does *not* qualify as an agency or instrumentality of a foreign state. *See, e.g.*, *Samantar*, 560 U.S. at 315-16. In any event, as noted above, agencies and instrumentalities are presumed to be separate from the foreign state itself, *e.g.*, *Bancec*, 462 U.S. at 627, and so are not liable on a judgment against the

foreign state.

*Second*, to the extent plaintiffs purport to be suing Ms. Najm as the foreign state itself, that defeats their claim against her. Since the "real party in interest" is the Republic, not the Minister, any claim against the Minister should "be treated as claims against [the Republic] itself" (and dismissed for the reasons set forth above). *See* Comp. Dismissal Mem. at 15 (citing *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 72 (D.D.C. 2013) (dismissing claims against Iranian officials where Iran was the real party in interest); *Odhiambo v. Republic of Kenya*, 930 F. Supp. 2d 17, 34-35 (D.D.C. 2013) (dismissing claims against Kenyan officials on FSIA grounds "because the suit is in all respects a suit against the Kenyan government"), *aff'd*, 764 F.3d 31 (D.C. Cir. 2014)). For the reasons stated *supra* Point I, no FSIA jurisdiction exists over the Republic here.

*Finally*, plaintiffs do not explain how the Ministry of Justice's charge to defend the Republic and protect its rights in connection with the *Fattouch* plaintiffs' claims renders Ms. Najm "a necessary party" for plaintiffs "to achieve th[e] end" of recognition of Lebanese judgments in this Court. Pls.' Comp. Mem. of Law at 9. Ms. Najm is not mentioned in, let alone liable for, the judgments at issue and accordingly plaintiffs' claim against her fails.

## CONCLUSION

For the foregoing reasons, the Republic and Ms. Najm respectfully request that the Court grant their Motions to Dismiss the Amended Complaint or Alternatively to Quash Attempted Service.

Dated: September 29, 2022

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
Carmine D. Boccuzzi, Jr. (cboccuzzi@cgsh.com)
One Liberty Plaza
New York, New York 10006
Tel. (212) 225-2508   Fax (212) 225-3999

Rathna J. Ramamurthi (rramamurthi@cgsh.com)
2112 Pennsylvania Ave NW
Washington D.C. 20037
Tel. (202) 974-1500    Fax (202) 974-1999

*Attorneys for the Republic of Lebanon and Her Excellency Marie-Claude Najm, former Minister of Justice*