UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PIERRE FATTOUCH, *et al.*, | |
| *Plaintiffs*, | Civil Action No. 1:20-cv-02599 (ACR) |
| v. | Judge Ana C. Reyes |
| THE REPUBLIC OF LEBANON, *et al.*, | |
| *Defendants*. | |

**ORDER**

Plaintiffs are Lebanese nationals and a Lebanese joint stock company who have sued the former Minister of Justice of Lebanon, Her Excellency Marie-Claude Najm, and the Republic of Lebanon (collectively "Defendants"), seeking to enforce judgments against the Republic issued by a Lebanese court. Before the Court now is Defendants' Motion to Dismiss, or Alternatively to Quash Attempted Service, pursuant to Rules 12(b)(1), (2), (5), and (6) of the Federal Rules of Civil Procedure. Dkt. 47. For the reasons below, the Court will GRANT Defendants' motion to quash attempted service as to Defendant Najm and DENY without prejudice Defendants' motion to quash attempted service as to Defendant the Republic.

First, the Court considers whether Plaintiffs have properly effected service of process as to Defendant Najm. Service of individuals in foreign countries is governed by Federal Rule of Civil Procedure 4(f), which, as relevant here, allows for service "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction," or "unless prohibited by the country's law . . . using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Fed. R. Civ. Pro. 4(f)(2)(A), (2)(C)(ii). Plaintiffs attempted to serve Defendant Najm three times: through a Washington D.C.

consular officer (Dkt. 9); by mail to Mrs. Helene Iskandar at the Ministry of Justice in Lebanon (Dkt. 34); and by mail to His Excellency Abdallah Bou Habib at the Ministry of Foreign Affairs in Lebanon (Dkt. 41).  However, none of Plaintiffs' attempts are addressed and sent to Najm, requiring a signed receipt, or adhere to the process prescribed by Lebanese law, which entails "deliver[ing] [the papers] to the person [herself] at [her] location, place of residence, place of work, or anywhere [she] is present."  Art. 399, Lebanese Civil Procedure Code (Dkt. 47-3).  Under Lebanese law, if service is made "somewhere other than the [individual's] site or place of residence," the process server must "examine[] official papers which prove the person's identity" before delivering and must reference this proof of identity in a notification report.  *Id.*  Plaintiffs do not show that the process server examined Defendant Najm's official identification papers or reference them in the notification report.  Because the burden of proof in establishing proper service of process rests with Plaintiffs, *see Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987), this Court concludes that Plaintiffs have not satisfied their burden to show properly effected service of process as to Defendant Najm.  While Plaintiffs argue that Defendant Najm is an "agency or instrumentality of a foreign state," and thus can be properly served under 28 U.S.C. § 1608(b)(3)(B), this is incorrect.  It is well-established that foreign government officials do not qualify as an agency or instrumentality of a foreign state.  *Samantar v. Yousuf*, 560 U.S. 305, 315–16 (2010).

      Second, the Court considers whether Plaintiffs have properly effected service of process as to Defendant the Republic.  Section 1608(a) of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602, *et seq.*, governs service of process "on a foreign state or political subdivision of a foreign state."  28 U.S.C. § 1608(a); Fed. R. Civ. P. 4(j)(1).  The FSIA provides

a list of four methods for effecting service.  28 U.S.C. § 1608(a); *Rep. of Sudan v. Harrison*, 139 S. Ct. 1048, 1054 (2019).  One such method, as relevant here, is:

> by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned....

28 U.S.C. § 1608(a)(3).

Service of process on a foreign state must strictly comply with the statutory requirements of § 1608(a).  *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994).  Accordingly, actual notice is not sufficient.  *Ballantine v. Dominican Republic*, No. 19-cv-3598, 2020 WL 4597159, at *4 (D.D.C. Aug. 11, 2020), *aff'd*, No. 20-7086, 2021 WL 5262555 (D.C. Cir. Oct. 22, 2021); *Adetoro v. King Abdullah Acad.*, No. 1:19-cv-01918, 2019 WL 3457989, at *2–3 (D.D.C. July 30, 2019).

Plaintiffs attempted to serve the Republic three times: first by delivering certain required documents to the Republic's Embassy in Washington, D.C. (Dkt. 8); second, by having the Clerk of the Court mail certain required documents to the Lebanese Ministry of Justice (Dkt. 34); and third, by having the Clerk of the Court mail certain required documents to the Lebanese Ministry of Foreign Affairs (Dkt. 41).  The Court finds that the first two attempts are deficient because neither service packet was "addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of [the Republic]." 28 U.S.C. § 1608(a)(3).  With respect to the third attempt, Defendants claim that Plaintiffs' service packet did not contain a notice of suit, including a copy of the FSIA, as is required.  In response, Plaintiffs submitted an exhibit containing a notice of suit, including a copy of the FSIA, and claimed that these documents were included in the service packet. Dkt. 44.  In turn, Defendants argue that these documents were not included in the service packet, and even if they were, a translation of the FSIA and required

information from the form notice of suit were omitted. Neither party has produced evidence, including any affidavits, as to whether the required documents were sent by the Clerk of the Court to the Republic. For this reason, the Court will deny the motion to quash attempted service without prejudice, and the Court will order both parties to produce evidence, if any, to show whether service was properly effected as to the Republic.

Accordingly, it is hereby ORDERED that Defendants' motion to quash attempted service as to Defendant Najm is GRANTED; it is further

ORDERED that Defendants' motion to quash attempted service as to Defendant the Republic is DENIED without prejudice. It is further

ORDERED that both parties shall produce evidence, if any, within 30 days from the date of this Order as to whether the notice of suit, including the FSIA, and all other required information and translations were sent by the Clerk of the Court to the Republic. The parties are hereby DIRECTED to file a pre-motion status report once both parties have produced such evidence.

In the interest of judicial efficiency, it is further ORDERED that Defendants' motion to dismiss is DENIED without prejudice.

Date: May 1, 2023

_____
ANA C. REYES
United States District Judge