UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

PIERRE FATTOUCH,
MOUSSA FATTOUCH,
UNITED LEBANESE QUARRIES AND CRUSHERS
COMPANY S.A.L.

    Plaintiffs,

v.

THE REPUBLIC OF LEBANON,
Its Ministries, Agencies, and Instrumentalities
c/o Ministry of Justice

HER EXCELLENCY MARIE-CLAUD NAJIM,
Minister of Justice

    Defendant State.

Case No.: 1:20-CV-02599-ACR

---

**JOINT STATUS REPORT**

The Court's Order dated May 1, 2023, directed the parties to "produce evidence, if any, as to whether the notice of the suit, including the FSIA and all other required information and translations, were sent by the Clerk of the Court to the Republic [of Lebanon]" and then to "file a pre-motion status report." [ECF No. 50]. Pursuant to that Order, set forth below are the parties' respective proposals regarding the next steps in this action.

    **I. Plaintiffs' Proposal**

Defendants have not yet filed an Answer to the Complaint filed on September 15, 2020 [ECF No. 1], then amended on March 15, 2021 [ECF No. 24], due to the pending decision on the outstanding motion to dismiss.

The parties have not yet engaged in Rule 26(f) conference pending the outcome of the outstanding motion to dismiss, yet the Defendants continue to describe the legal claims as baseless and allegations unfounded in communications to Plaintiff's counsel. The Parties have conferred, and the Plaintiffs consent to the matter being referred to a United States Magistrate Judge.

## II. The Republic's Proposal

As set forth in the Republic's May 31 submission, ECF No. 52, plaintiffs' third attempt at service of the Republic in this action remains deficient because the service packet did not contain the documents required under the Foreign Sovereign Immunities Act ("FSIA").

The May 30, 2023 Declaration of Helene Iskandar sets forth the documents that were included in the service packet.  *See* ECF No. 52-1.  Plaintiffs incorrectly assert that certain other documents were included, ECF No. 51, but even the other documents they identify would not meet the FSIA's service requirements.  *See* ECF No. 52 at 2.

Moreover, in addition to defective service, lack of subject matter jurisdiction under the FSIA also requires dismissal of this action.  *See* ECF No. 47 at 7-14.  As these issues have been fully briefed, ECF Nos. 47-49, the Republic respectfully requests that the Court dismiss the Complaint in full with prejudice.

Respectfully submitted,

| POBLETE TAMARGO LLP | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
|---|---|

_____/s/ Jeremy H. Gonzalez_____  
Jeremy H. Gonzalez Ibrahim  
jibrahim@pobletetamargo.com

Jason I. Poblete  
jpoblete@pobletetamargo.com

Mauricio Tamargo  
mtamargo@pobletetamargo.com

600 Cameron Street, Suite 411  
Alexandria, VA 22314  
(703) 566 3037

*Attorneys for Plaintiffs*

_____/s/ Carmine Boccuzi, Jr._____  
Carmine D. Boccuzzi, Jr.  
cboccuzzi@cgsh.com  
One Liberty Plaza  
New York, New York 10006  
(212) 225-2508

Rathna J. Ramamurthi  
rramamurthi@cgsh.com  
2112 Pennsylvania Ave NW  
Washington D.C. 20037  
(202) 974-1500

*Attorneys for the Republic of Lebanon*