IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

PIERRE FATTOUCH,
MOUSSA FATTOUCH,
UNITED LEBANESE QUARRIES AND CRUSHERS
COMPANY S.A.L.

    Plaintiffs,

v.

THE REPUBLIC OF LEBANON,
Its Ministries, Agencies, and Instrumentalities
c/o Ministry of Justice

HER EXCELLENCY MARIE-CLAUD NAJIM,
Minister of Justice

    Defendant State.

Case No.: 1:20-CV-02599-ACR

---

**NOTICE OF REQUEST FOR PRE-MOTION CONFERENCE**

Pursuant to Section 7(f) of Your Honor's Standing Order in Civil Cases and the Minute Order entered on August 23, 2023, defendant the Republic of Lebanon (the "Republic") requests a pre-motion conference in connection with a proposed renewed motion to dismiss with prejudice the Amended Complaint filed on March 15, 2021 by plaintiffs in the above-captioned case. ECF No. 24. The Amended Complaint brings claims against the Republic for allegedly interfering with quarries plaintiffs owned in Lebanon. *Id.* ¶¶ 15-17. According to plaintiffs, in connection with these events a Lebanese court issued two judgments against the Republic in 2005 and two more judgments against the Republic in 2017. *Id.* ¶¶ 18-23. Plaintiffs seek recognition and enforcement of those judgments in this Court. *Id.* ¶¶ 27-30.

The anticipated motion seeks dismissal of the Amended Complaint for failure to serve and lack of jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq*, on the following bases:

### I. This Action Should Be Dismissed For Failure To Effect Service As Required By Section 1608 Of The FSIA

To establish personal jurisdiction over a foreign state, a plaintiff must demonstrate *inter alia* that service has been made on the foreign state in compliance with the FSIA. *See Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 1051 (2019); 28 U.S.C. § 1608(a). As relevant here, the FSIA requires service "by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned[.]" 28 U.S.C. § 1608(a)(3).

In its May 1, 2023 Order, the Court held that plaintiffs' first two attempts to serve the Republic in this action were deficient under this standard and directed the parties to submit evidence regarding the contents of the packet sent in plaintiffs' third service attempt. ECF No. 50 at 3-4. The Republic filed a Declaration by the Head of the Litigation Department at the Republic's Ministry of Justice, which confirmed that plaintiffs have not served the Republic as the FSIA requires because the service packet did not include a notice of suit, including a copy of the FSIA, nor translations of such documents. *See* ECF No. 52-1 ¶¶ 4-5. Plaintiffs assert that a notice of suit, including a copy of the FSIA, was included in the service packet and have filed on the docket the versions of these documents that they claim were included. *See* ECF No. 51 ¶¶ 2-4, 6; ECF No. 51-1 ¶¶ 2-4; ECF No. 44. Even if plaintiffs were correct that these documents were included (they are not), service remains deficient because (i) the notice of suit omits required information[1] and (ii) a translation of the FSIA was not included.

---

[1] *Compare* Annex ¶ 7, 22 C.F.R. § 93.2 ("The response may present jurisdictional defenses (including defenses relating to state immunity)") with ECF No. 44 at 5 ("The response may present any defenses"); *and* Annex ¶ 9, 22 C.F.R. § 93.2 ("Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act") with ECF No. 44 at 5 ("Action is being brought under the Foreign Sovereign Immunities Act").

## II.  Lack Of Subject Matter Jurisdiction Also Requires Dismissal Of This Action.

In seeking recognition of a foreign judgment, a plaintiff must establish subject matter jurisdiction by showing that one of the FSIA's enumerated exceptions to sovereign immunity applies.  *See Valambhia v. United Republic of Tanzania*, 964 F.3d 1135, 1137 (D.C. Cir. 2020).  Plaintiffs have invoked the FSIA's first three exceptions, but none applies here.

*First*, the FSIA provides for jurisdiction where "the foreign state has waived its immunity either explicitly or by implication." 28 U.S.C. § 1605(a)(1).  Plaintiffs point vaguely to purported "assurances" by the Republic as constituting an explicit waiver, but they do not provide any evidence that such statements were actually made, by who, in what words, in what context, how, or when.  *See, e.g.,* ECF No. 24 ¶¶ 10-11.  Thus they have not established a "clear[] and unambiguous[]" explicit waiver, as required.  *See, e.g., World Wide Mins., Ltd. v. Republic of Kazakhstan*, 296 F.3d 1154, 1162 (D.C. Cir. 2002).  Nor have plaintiffs demonstrated an implicit waiver, since there is no contract with a U.S. choice of law clause, filing of a responsive pleading without asserting sovereign immunity, or agreement to arbitration in the United States.  *See, e.g., Ivanenko v. Yanukovich*, 995 F.3d 232, 239 (D.C. Cir. 2021).

*Second*, as relevant here, the FSIA's so-called commercial activity exception applies to an action based "upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." 28 U.S.C. § 1605(a)(2).  Here, there is no "direct effect in the United States" because the "locus of the [alleged] tort" is in Lebanon.  *See Luxexpress 2016 Corp. v. Gov't of Ukraine*, No. 18-CV-812 (TSC), 2020 WL 1308357, at *7 (D.D.C. Mar. 19, 2020), *aff'd sub nom. Ivanenko*, 995 F.3d 232.  And plaintiffs have not shown that the Republic's purported conduct in Lebanon was "in connection with a commercial activity" since the alleged conduct described in the Amended Complaint (cancelling plaintiffs' permits, ordering closure of their quarries and state

security forces to destroy quarry equipment), ECF No. 24, ¶¶ 16-17, are actions of a sovereign, not a private party engaged in commerce. *See Luxexpress*, 2020 WL 1308357, at *6.

*Third*, the FSIA's "expropriation exception" confers jurisdiction where "rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state." 28 U.S.C. § 1605(a)(3). None of those requirements is met here. Even assuming *arguendo* that plaintiffs (Lebanese nationals) have alleged a taking by the Republic, the FSIA does not cover domestic takings, *i.e.*, takings by a foreign state of property of its own citizens. *See Fed. Republic of Germany v. Philipp*, 141 S. Ct. 703, 715-16 (2021). Moreover, the expropriation exception is inapplicable based on the lack of any allegation that the property at issue or any property exchanged for it is present in the United States. *See De Csepel v. Republic of Hungary*, 859 F.3d 1094, 1108 (D.C. Cir. 2017).

Accordingly, the Republic requests a pre-motion conference in connection with a proposed renewed motion to dismiss the Amended Complaint for failure to effect service properly, lack of personal jurisdiction, and lack of subject matter jurisdiction.

Dated: August 29, 2023

                            CLEARY GOTTLIEB STEEN & HAMILTON LLP

                            By: /s/ Carmine D. Boccuzzi, Jr.
                                Carmine D. Boccuzzi, Jr. (cboccuzzi@cgsh.com)
                                One Liberty Plaza, New York, New York 10006
                                Tel. (212) 225-2508   Fax (212) 225-3999

                                Rathna J. Ramamurthi (rramamurthi@cgsh.com)
                                2112 Pennsylvania Ave NW, Washington D.C. 20037
                                Tel. (202) 974-1500    Fax (202) 974-1999

                                *Attorneys for the Republic of Lebanon*